

## Missouri Court of Appeals
### Southern District
#### Division Two

MARK E. McGUIRE,                                )
                                                )
    Claimant-Respondent,                )
                                                )
vs.                                             )    No. SD32731
                                                )
CHRISTIAN COUNTY,                               )    Filed May 5, 2014
                                                )
    Employer-Appellant,                 )
                                                )
and                                             )
                                                )
MISSOURI ASSOCIATION OF COUNTIES,               )
                                                )
    Insurer-Appellant.                  )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

AFFIRMED

Christian County and its insurer, Missouri Association of Counties, appeal the

Final Award of the Labor and Industrial Relations Commission ("the Commission")

issued in favor of Mark E. McGuire ("Claimant"), Ozark Baseball Club, L.C. ("OBC"),

and Travelers Commercial Casualty Co., OBC's insurer. Christian County brings three

points for our review: (1) that the Commission erred in dismissing OBC as a party

because section 287.130[1] mandates joint and several liability between joint employers

---

[1] All statutory references are to RSMo Cum.Supp. 2003.

and Rule 57.04[2] requires all necessary parties to be joined in an original proceeding; (2) that the Commission erred in finding that the Administrative Law Judge ("ALJ") violated principles of due process in determining whether contribution on the part of OBC was appropriate under section 287.130; and (3) that the Commission erred in not considering whether the apportioned rate of contribution determined by the ALJ was supported by competent and substantial evidence. Finding Christian County's first point meritless and dispositive, we affirm.

## Factual and Procedural Background

Claimant worked for the Christian County Sheriff's Department ("CCSD") as a deputy sheriff. Claimant normally worked ten-hour shifts on Monday through Thursday. Claimant also worked as a security officer for OBC, which operated a baseball team known as the Ozark Ducks. OBC wanted to hire security personnel who had the ability to arrest people if necessary, and Claimant learned about the OBC job through a sign-up sheet posted at the CCSD. Although CCSD authorized its employees to work security for OBC, no employee was required to do so.

On Friday, August 9, 2003, Claimant had already worked forty hours that week for the CCSD; if at any time he incurred more than forty hours of CCSD duties in a single week, the additional time would be compensated through "comp time," which was time off that could be utilized at a later date. At approximately 10:30 that evening, while working security for OBC after a baseball game, Claimant encountered an inebriated couple who were intent on driving their vehicle to leave the ballpark. Claimant stopped the couple and secured a cab, but when the cab arrived, the couple got into their own

[2] All rule references are to Missouri Court Rules (2013).

vehicle and attempted to leave the parking lot. Claimant anticipated the commission of a crime and contacted CCSD to request back-up assistance, as well as to indicate that he was going "on duty" as a deputy sheriff at that time. The drunk driver started his vehicle and, as Claimant attempted to stop the vehicle from leaving through the facility's only exit, the vehicle struck Claimant. The impact flipped Claimant over the hood of the car, into the windshield, and onto the ground. Claimant sustained severe injuries to his knee and back; in addition to a torn medial meniscus, Claimant ruptured disks at three levels on his spine and suffered recurrent herniations, which prompted two discectomies, an artificial disc replacement, and eventually a back fusion. As a result of the injuries sustained that night, Claimant never returned to work as a deputy sheriff and was forced to leave his employment in law enforcement. He continued to operate a floor covering business, which he had operated for several years, but not in the same capacity as before the accident.

Claimant filed a claim for workers' compensation benefits against Christian County and its insurer. A hardship hearing on this claim was held on November 17, 2006. At that time, the ALJ issued a Temporary/Partial Award directing Christian County and its insurer to provide certain medical care to Claimant.

On March 16, 2009, Christian County and its insurer filed a motion entitled "Application of Christian County Pursuant to Section 287.040.[4][³] to Make [OBC] a

---

[3] In its final award, the Commission found that (1) the 2003 version of section 287.040 was applicable to this case, (2) the parties' and the ALJ's references to section 287.040.3 were to the 2005 version of that statute and (3) the relevant provisions of each version are identical. Christian County does not challenge these findings on appeal. The relevant provisions of the 2003 version of section 287.040 are:

> 1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their

Party to the Proceedings" and recited in its application the provisions of sections 287.040.1 and 287.040.4, which pertain to contractors and subcontractors and their joinder as a party in a workers' compensation proceeding. The application to join OBC was sustained by the ALJ, but the determination of other issues was deferred.

Claimant thereafter settled his claim for compensation against Christian County and its insurer.

At the final evidentiary hearing on the remaining issues, OBC asserted and contended that section 287.040 was an insufficient basis for its joinder as a party because it was not a contractor or subcontractor of Christian County. Christian County responded by claiming that section 287.040 "was just one of many reasons in the application that we offered in support, so we weren't specifically limiting just to that."

In her decision, the ALJ specifically found that Claimant was not an independent contractor and that OBC was not a contractor or subcontractor of Christian County. Rather, the ALJ found that OBC and Christian County were joint employers of Claimant. The ALJ went on to find that, although the initial joinder of OBC pursuant to section

---

employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

****

4. In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.

Renumbering subsection 4 to "3" was the only change made to these provisions in the 2005 version. For clarity in this opinion, we will refer to the 2003 version of subsection 4, even where the parties or the ALJ may have referenced the 2005 version by subsection "3."

4

287.040 was incorrect, because OBC was found to be a joint employer, section 287.130 permitted the joinder of OBC because Christian County and its insurer would be entitled to proceed against OBC in a civil action for contribution. In making this determination, the ALJ noted, "It is not only *fair* for [Christian County] to seek contribution against [OBC] in this proceeding, but it would be *patently unfair* to refuse to join such entity when it is liable for a share of the benefits received by [Claimant] if [OBC] was a joint employer." The ALJ further cited to *Tate v. Dir. of Revenue*, 982 S.W.2d 724, 727 (Mo.App. 1998), stating, "A bench-tried ruling that reaches the correct result will not be set aside even if the court gives a wrong or insufficient reason." Finally, the ALJ found that OBC was liable to Christian County for 14.8 percent of the agreed-upon settlement amount of $381,318.27, totaling $56,435.10. This amount was calculated using the statutory minimum set forth in section 287.190.5, as OBC did not produce any evidence of Claimant's compensation under its employ.

OBC timely sought review by the Commission of the ALJ's award on several issues, including whether the ALJ lacked the authority to join OBC as a joint employer and the accuracy of the ALJ's determination of OBC's imputed rate of contribution. Christian County also sought review by the Commission, contending that the ALJ should have found OBC to be Claimant's sole employer at the time of the accident, and that, if they were joint employers, the ALJ erred in limiting OBC's rate of contribution to 14.8 percent.

In its Final Award Allowing Compensation, the Commission struck OBC as a party to the proceeding and reversed the ALJ's award of contribution from OBC to Christian County. The Commission found that the ALJ's decision to continue OBC as a

5

party to the action once joinder under section 287.040 was deemed inapplicable was erroneous. The Commission concluded that section 287.130, the section upon which the ALJ relied to keep OBC a party to the case, "does not confer upon [Christian County], the [ALJ], or the Commission the power to add OBC as a party to employee's workers' compensation claim." Rather, the Commission concluded that section 287.130 confers upon the employee the discretionary right to pursue claims against any or all of his or her employers, while permitting an employer to initiate an action for contribution against another alleged joint employer in a subsequent action. The Commission relied upon *Leach v. Bd. of Police Comm'rs of Kansas City*, 118 S.W.3d 646, 651-52 (Mo.App. 2003), and *Schultz v. Moerschel Prods. Co.*, 142 S.W.2d 106 (Mo.App. 1940), in reaching this conclusion.

This appeal timely followed.

## Standard of Review

Our review of this case is governed by Section 287.495.1, which provides, in pertinent part:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

"In conducting our review, we review the findings of the Commission, and not those of the ALJ." ***Bowers v. Hiland Dairy Co.***, 132 S.W.3d 260, 264 (Mo.App. 2004). We "defer to the commission on issues of fact, the credibility of the witnesses, and the weight given to conflicting evidence." ***Treasurer of State-Custodian of Second Injury Fund v. Witte***, 414 S.W.3d 455, 460 (Mo. banc 2013) (citing ***Hornbeck v. Spectra Painting, Inc.***, 370 S.W.3d 624, 629 (Mo. banc 2012)). Issues of law are reviewed *de novo*. ***Id.*** (citing ***Difatta–Wheaton v. Dolphin Capital Corp.***, 271 S.W.3d 594, 595 (Mo. banc 2008)). "An issue of statutory interpretation is a question of law, not fact." ***Id.*** (citing ***City of St. Joseph v. Village of Country Club***, 163 S.W.3d 905, 907 (Mo. banc 2005)).

## Discussion

In its first point, Christian County contends that the Commission erred in concluding that neither the ALJ nor the Commission has the authority to join OBC as a party to the underlying action because section 287.130 provides for joint and several liability between employers and Rule 57.04 requires all necessary parties be joined in the original proceeding. We disagree.

"As a general proposition, the Missouri Rules of Civil Procedure . . . do not apply to workers' compensation actions, unless the statute implicates the application of a specific rule." ***U.S. Dept. of Veterans Affairs v. Boresi***, 396 S.W.3d 356, 362 (Mo. banc 2013) (internal quotation marks omitted). Indeed, counsel for Christian County conceded as much at oral argument.[4] As there is no reference to the applicability of Rule 57.04 in

---

[4] Moreover, in refuting OBC's claims regarding Christian County's alleged pleading deficiencies and alleged lack of timeliness in joining OBC, Christian County's counsel affirmatively asserted in oral argument that the Missouri Rules of Civil Procedure do not apply to workers' compensation actions.

7

chapter 287 and, in particular, in section 287.130, Christian County's reliance upon Rule 57.04 in support of its argument on this point is misplaced and incorrect.

The remainder of Christian County's argument on this point focuses on the language used in section 287.130 and its application in the underlying case. Section 287.130 provides:

> If the injury or death occurs while the employee is in the joint service of two or more employers, their liability shall be joint and several, and the employee may hold any or all of such employers. As between themselves such employers shall have contribution from each other in the proportion of their several liability for the wages of such employee but nothing in this chapter shall prevent such employers from making a different distribution of their proportionate contributions as between themselves.

Christian County contends that the use of the word "shall" with regard to "joint and several liability" and "contribution" creates not only a right to contribution on behalf of Christian County, but implies the additional mandatory right to join in the proceeding on the employee's claim any other alleged joint employer. In the absence of citation to any controlling legal authority supporting this contention, Christian County, nevertheless, asks us to interpret section 287.130 as implicitly mandating joinder of an alleged joint employer, even though the statute is completely silent on that issue.

> The rules of statutory interpretation are not intended to be applied haphazardly or indiscriminately to achieve a desired result. Instead, the canons of statutory interpretation are considerations made in a genuine effort to determine what the legislature intended. This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.

*Parktown Imports, Inc. v. Audi of America, Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent[.]" *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011) (internal quotation marks

8

omitted). "A court may not add words by implication to a statute that is clear and unambiguous." ***Asbury v. Lombardi***, 846 S.W.2d 196, 202 n.9 (Mo. banc 1993). Moreover, individual phrases or statutes cannot be read separately, ***Gash v. Lafayette Cnty.***, 245 S.W.3d 229, 232 (Mo. banc 2008); rather, "[t]he provisions of a legislative act are . . . construed together and read in harmony with the entire act." ***Mo. Dep't of Soc. Servs., Div. of Aging v. Brookside Nursing Ctr., Inc.***, 50 S.W.3d 273, 276 (Mo. banc 2001). "[W]e presume the legislature intended every word, clause, sentence, and provision of a statute to have effect and did not insert superfluous language into the statute." ***Algonquin Golf Club v. State Tax Comm'n***, 220 S.W.3d 415, 421 (Mo.App. 2007).

The Western District of our Court has found that the language of section 287.130 is "plain and unequivocal[.]" ***Leach***, 118 S.W.3d at 652. As related to joint employers,

> In this statute, the General Assembly articulated that the employers' liability is joint and several and that the employee has the option of picking which of them that he will hold liable for his compensation. Rather than limiting an employee's recovery to a particular employer, the General Assembly permitted the employer or employers from whom he takes recovery to proceed against the other employers in a subsequent action for contribution.

*Id.* at 651.

Therefore, section 287.130—which Christian County now asserts as its basis for OBC's joinder to the action—expressly confers upon the employee the discretion to assert a claim against *any or all* employers. Section 287.130; ***Leach***, 118 S.W.3d at 651; ***Schultz***, 142 S.W.2d at 108. It also confers a right of contribution between joint employers that may be enforced in a subsequent action. *Id.* It does not, however, make any provision for the joinder of any alleged joint employer against which the claimant has not asserted a claim.

9

Interpreting section 287.130 as Christian County suggests would nullify and render superfluous the provision granting the employee discretion to choose which of his or her alleged joint employers against which to assert a claim. Because we presume the legislature intended for that provision to have effect, *Algonquin Golf Club*, 220 S.W.3d at 421, we cannot find the existence of any implied provision contrary to the clear and unambiguous language expressed in this statute, *Asbury*, 846 S.W.2d at 202 n.9.

This conclusion is reinforced when we consider section 287.130 in harmony with section 287.040, related to contractors and subcontractors. Section 287.040.4 provides: "[T]he immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. *All persons so liable may be made parties to the proceedings on the application of any party.*" Section 287.040.4 (emphasis added). Section 287.040 expressly and unambiguously grants *any party* to a workers' compensation action the right to join an alleged contractor or subcontractor to the action and gives the Commission the authority to join them. The inclusion of this express provision for joinder of other alleged employers in section 287.040 supports the conclusion that the omission of any joinder provision in section 287.130 demonstrates that the legislature did not intend to authorize the joinder of any alleged joint employers against whom a claim had not been filed by the employee.

Therefore, we find nothing in section 287.130 that authorizes the Commission to join an alleged joint employer against whom the employee has not asserted a claim in considering an employee's workers' compensation claim. Here, Claimant chose to hold only Christian County liable for his injuries, as was his exclusive right, and Christian

10

County is afforded the right to seek contribution from OBC in a separate action. Section 287.130; *Leach*, 118 S.W.3d at 651; *Schultz*, 142 S.W.2d at 108.

The Commission has only such authority as is conferred upon it by statute. ***Mikel v. Pott Indus./St. Louis Ship***, 896 S.W.2d 624, 626 (Mo. banc 1995). Because joinder of an alleged contractor or subcontractor is specifically authorized under section 287.040, the initial application to join OBC as a party in accordance with that section was an action statutorily authorized by the Commission and, therefore, the ALJ. However, because section 287.130 does not grant the Commission any authority to join OBC as an alleged joint employer, the Commission did not commit any error in striking OBC as a party in the proceeding and in denying Christian County any relief as against OBC. Christian County's first point is denied and, because its denial is also dispositive of Christian County's other points on appeal, the Commission's decision is affirmed.[5]


GARY W. LYNCH, J. - Opinion author

JEFFREY W. BATES, P.J. - concurs

DON E. BURRELL, J. - concurs

---

[5] Christian County relies on *Equity Mut. Ins. Co. v. Kroger Grocery & Baking Co.*, 175 S.W.2d 153 (Mo.App. 1943), and *Pennington v. Deca Prop. Mgmt.*, 109 S.W.3d 235 (Mo.App. 2003), in support of its argument. Neither case is on point. The former is distinguishable in that it is not a workers' compensation claim but, rather, a civil claim for contribution of the sort permitted by section 287.130. The latter is distinguishable in that it deals not with the joinder of an alleged joint employer but with the joinder of an employer's insurer, as required by section 287.300.

11