**Richard GATTENBY, Respondent,**

v.

**TREASURER OF THE STATE OF MISSOURI–CUSTODIAN OF THE SECOND INJURY FUND, Appellant.**

**WD 80052**

Missouri Court of Appeals, Western District.

OPINION FILED: February 28, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2017.

Application for Transfer Denied May 30, 2017

Eric Lowe, Kansas City, MO, Counsel for Appellant.

Patrick Starke, Blue Springs, MO, Counsel for Respondent.

Before Division Four: Mark D. Pfeiffer, Chief Judge Presiding, Thomas H. Newton, and Lisa White Hardwick, JJ.

Thomas H. Newton, Judge

Mr. Richard Gattenby is a career plumber who suffered multiple work and non-work related injuries. He has injured his left ankle, both shoulders, and right knee in accidents related to his employment. On appeal, the Second Injury Fund (SIF) questions the validity of the permanent total disability award, asserting that injuries, outside the statute's limitations were considered to determine his disability and that substantial evidence does not exist to uphold the permanent total disability classification. We disagree and affirm.

Mr. Gattenby, a career plumber, suffered a right knee injury in March 2014. This injury was the latest of five prior work and non-work related injuries. In 1977, the first injury resulted in the fusion of the toes on his left foot and the fusion of his left ankle. Mr. Gattenby's gait changed as a consequence of this injury forcing him to walk with a "real bad limp." He was unable to walk naturally, bend his ankle, flex his foot, navigate stairs, rise on his toes, walk backward, or walk easily on uneven ground. Though he did not miss work, he was in constant pain and struggled daily. From this injury, his disability was rated at 60 percent of the 155 week-level or 93 weeks of permanent partial disability.

Mr. Gattenby also suffered two additional work related injuries in 2007 and 2009 resulting in a 17.5 percent disability to each shoulder. In 2010, Mr. Gattenby suffered a non-work related injury requiring several surgeries. He returned to work in 2012 and worked until the March 2014 injury giving rise to the current claim.

As a result of the March 2014 injury, Mr. Gattenby suffers from continued knee pain, limited mobility, and the inability to squat. He can no longer kneel on either knee and has a diminished ability to navigate stairs. He was unable to return to his regular job after this injury and settled his primary claim for this injury with his employer for 15 percent disability of the knee, or 24 weeks of benefits.

In April 2015, the parties appeared for a final hearing before an administrative law judge who determined that SIF is liable to Mr. Gattenby for permanent total disability benefits. At the hearing, Mr. Gattenby testified about his injuries as indicated above. In addition, both orthopedic surgeon Dr. Stuckmeyer and vocational expert Terry Cordray found Mr. Gattenby permanently and totally disabled as a result of the limitations from the primary injury combined with his preexisting limitations. The case was submitted to the Labor and Industrial Relations Commission (Commission) for review under section 287.480. In August 2016, it upheld the administrative law judge's award, concluding that the SIF is liable for permanent total disability benefits.

This appeal follows.

## Legal Analysis

Section 287.495.1[1] states that:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record

---

1. Statutory references are to RSMo 2000, unless otherwise indicated.

to warrant the making of the award.

We review issues of law *de novo* and defer to the Commission's finding on issues of fact. *Jim Plunkett, Inc. v. Ard*, 499 S.W.3d 333, 337 (Mo. App. W.D. 2016). Further, "we will uphold a decision of the Commission if the Commission clearly got the right result, but for the wrong reason." *Johnson v. Div. of Emp't Sec.*, 318 S.W.3d 797, 807 (Mo. App. W.D. 2010).

In the first point SIF argues that the Commission erred in its application subsection 287.220.3 to the facts of this case. Initially, however, we must address whether subsection 287.220.3 or subsection 287.220.2 is the applicable SIF liability statute here[2]; the parties agree that the requirements for SIF liability under subsection 287.220.3 are stricter than the requirements of subsection 287.220.2. Further, at oral argument, SIF conceded that if subsection 287.220.2 is applicable, the Commission's permanent total disability award is supported by substantial evidence (which would dispose of SIF's sufficiency of the evidence challenge in the second point).

■ At issue is the meaning of the 2013 legislative changes to section 287.220. Subsection 287.220.2 and 287.220.3, respectively, state in pertinent part as follows:

All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection. § 287.220.2.

All claims against the second injury fund for injuries occurring after January 1, 2014, ... shall be compensated as provided in this subsection. § 287.220.3.

It is a fundamental rule of statutory interpretation that we ascertain legislative intent by considering the words used in their plain and ordinary meaning. *Younger v. Mo. Pub. Entity Risk Mgmt. Fund*, 957 S.W.2d 332, 336 (Mo. App. W.D. 1997), *superseded by statute on other grounds by Gilley v. Mo. Pub. Entity Risk Mgmt. Fund*, 437 S.W.3d 315 (Mo. App. W.D. 2014). "A legislative act's provisions must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." *Id.* Further, according to section 287.800.1, the Commission must strictly construe the provisions of Chapter 287. The courts have explained that

[A] strict construction of a statute presumes nothing that is not expressed. The rule of strict construction does not mean that the statute shall be construed in a narrow or stingy manner, but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used. Moreover, a strict construction confines the operation of the statute to matters affirmatively pointed out by its terms, and to cases which fall fairly within its letter. The clear, plain, obvious, or natural import of the language should be used, and the statutes should not be applied to situations or parties not fairly or clearly within its provisions.

*Allcorn v. Tap Enters, Inc.*, 277 S.W.3d 823, 828 (Mo. App. S.D. 2009) (citations omitted). Therefore, in granting an award, the Commission must interpret the relevant statute by its clear, plain, and obvious terms.

■ All claims against SIF require two distinct classes or categories of "injuries":

**2.** In the Commission's ruling, two of the three commissioners proposed application of subsection 287.220.3 and the third proposed application of subsection 287.220.2. Our review is a *de novo*. In our analysis, we reference some of Commissioner Curtis Chick's concurring opinion below. No further attribution is expressed in the substance of our ruling.

(1) at least one preexisting injury; and, (2) a subsequent compensable injury (often referred to as the "primary" injury). *See Treasurer of Mo.–Custodian of the Second Injury Fund v. Witte*, 414 S.W.3d 455, 462 n.4 (Mo. banc 2013). And, of course, the legislature was presumed to know the law when enacting the relevant SIF legislation in 2013. *See Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001).

Notably, with respect to claims involving occupational diseases, the legislature specifically used the phrase "subsequent compensable injury" to describe when the 2013 modification to the law applies to the employee's claim.[3] But with respect to claims for all other injuries, the legislature did *not* distinguish between "preexisting" and "subsequent compensable injuries," and instead simply restricted application of section 287.220.3 to "all claims ... for *injuries* occurring after January 1, 2014."

" 'We presume the legislature intended every word, clause, sentence, and provision of a statute to have effect and did not insert superfluous language into the statute.' " *McGuire v. Christian Cnty.*, 442 S.W.3d 117, 123 (Mo. App. S.D. 2014) (quoting *Algonquin Golf Club v. State Tax Comm'n*, 220 S.W.3d 415, 421 (Mo. App. E.D. 2007)). The legislature's choice to expressly refer to the "subsequent compensable injury" in the context of occupational disease claims, but to refrain from such limitation in the context of claims for all

other injuries, must be presumed intentional, and we must give it effect.

By the same token, in subsection 287.220.2, the legislature plainly refers to "previous disability," whereas subsection 287.220.3 does not. Our legislature clearly knew how to contrast "previous disability" with that resulting from "subsequent compensable injuries," but it made no such distinction in subsection 287.220.3. This confirms that the "injuries" to which the legislature refers in subsection 287.220.3 are *all* of the employee's for which the claim is made against the SIF, i.e., the employee's preexisting *and* primary injuries.

Accordingly, subsection 287.220.3 applies only where both the preexisting and primary injuries occur after January 1, 2014. Especially when read in conjunction with the plain language of subsection 287.220.2 with an eye toward harmonizing both provisions, this result gives meaningful effect to all of the language chosen by our legislature, and is consistent with the strict construction mandate.

Here, then, because Mr. Gattenby's claim against SIF involves a preexisting injury or injuries that resulted in disability before January 1, 2014, subsection 287.220.2 is the controlling statute guiding SIF liability. And, as previously mentioned, SIF has conceded that if subsection 287.220.2 applies, the Commission's award is supported by substantial evidence and must be affirmed. Our ruling, thus, that

---

**3.** Specifically the legislature dictated that the 2013 requirements for SIF liability under subsection 287.220.3. In the first portion of subsection 287.220.3(1) the legislature states "[a]ll claims against the second injury fund for *injuries* occurring after January 1, 2014." This language does not distinguish between injury types (i.e., preexisting or subsequent compensable) and instead applies to all injuries not classified as an occupational disease. Conversely, the second portion of subsection

287.220.3(1) states "[a]ll claims against the second injury fund involving a subsequent compensable injury *which is an occupational disease* filed after January 1, 2014." § 287.220.3(1) (emphasis added). Thus, for any "primary" injury involving an occupational disease that occurs after January 1, 2014, it matters not when the "preexisting" injury occurred. The words are different. Thus, the meaning must necessarily be different.

subsection 287.220.2 applies to this case necessarily disposes of both of SIF's points on appeal.

Points I and II are denied.

## Conclusion

Because the facts the commission found substantially support an award of permanent total disability under subsection 287.220.2, we affirm.

Mark D. Pfeiffer, C.J., and Lisa White Hardwick, J., concur.