

# Missouri Court of Appeals

## Southern District

### Division Two

RANDALL CLINKENBEARD,    )
    )
    Claimant-Appellant,    )
    )
v.    )    No. SD36942
    )
STATE OF MISSOURI DEPARTMENT    )    **Filed:  December 21, 2021**
OF CORRECTIONS,    )
    )
    Employer-Respondent,    )
    )
and    )
    )
TREASURER of MISSOURI as    )
CUSTODIAN of SECOND INJURY    )
FUND,    )
    )
    Additional Party-Respondent.    )

### APPEAL FROM THE LABOR AND
### INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

Randall Clinkenbeard ("Claimant") appeals the decision of the Labor and Industrial

Relations Commission ("the Commission") denying Claimant's claim for permanent total

disability ("PTD") benefits against the Treasurer of the State of Missouri in his capacity as

custodian of the Second Injury Fund ("SIF").

In three alternative points on appeal, Claimant contends the Commission erred as a

matter of law in: (1) misapplying section 287.220.3(2)(a); (2) applying section 287.220.3

"retroactively" to his claim; and (3) denying his request to remand the case to the administrative law judge ("ALJ") "for a more complete finding of facts . . . because there is a dearth of evidence related to the analysis of liability under [section] 287.220.3[.]"[1]

Finding no such error of law, we affirm the decision of the Commission.

## Background

On October 28, 2014, Claimant was working in the sally port at the Department of Corrections ("Employer"). As he was searching vehicles entering and exiting the facility, Claimant injured his left shoulder and left elbow ("the primary injury"). Claimant settled his primary-injury claim with Employer for 27.5% of the left shoulder and 10% of the left elbow, along with 24 weeks and 6 days of temporary total disability ("TTD").

Claimant then pursued his PTD claim against the SIF based upon the following history of work-related and non-work-related injuries:

1. 2009 injury to his right shoulder that included a broken clavicle;

2. Right-knee problems dating to 2006 or 2007 that eventually required surgery;

3. 2010 work injury to left knee that required surgery in 2010, along with revision surgery in 2013;

4. 2010 bilateral hip pain treated with injections;

5. 2010 work injury to lower back;

6. Ongoing sleep apnea dating to 2007 and narcolepsy dating to 2009;

7. 1989 injury to left wrist that required 500 stitches to close;

8. Non-insulin-dependent diabetes with poor control and end organ disease that dated back to 2008; and

9. 1980's gastroesophageal reflux disease.

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2014.

2

After a June 2019 hearing, the ALJ applied section 287.220.2 to Claimant's evidence and entered an award of PTD benefits to be paid from the SIF, finding "that Claimant is permanently and totally disabled as a result of his preexisting injuries and conditions in combination with the disability from the last work injury."

The SIF timely filed an application for review with the Commission, asserting that the ALJ had misapplied the law in applying section 287.220.2 to Claimant's claim instead of applying section 287.220.3. In support of that argument, the SIF claimed that the ALJ's application of section 287.220.2 was inconsistent with the Supreme Court of Missouri's recent decision in *Cosby v. Treasurer of State*, 579 S.W.3d 202 (Mo. banc 2019), which held that section 287.220.3, by its plain and ordinary language, applies to all claims against the SIF for all work-related injuries that occur after January 1, 2014. *Id.* at 204-05.

The Commission, in a 2-1 decision, agreed with the SIF and reversed the decision of the ALJ. Applying the plain language of section 287.220.3 as stated in *Cosby*, the Commission concluded that a preexisting condition must meet two separate requirements in order to be considered in connection with a compensable work-related primary injury to determine SIF liability for PTD: (1) the claimant must show a medically-documented, preexisting disability that reaches the threshold of 50 weeks of permanent partial disability ("PPD"); and (2) the preexisting disability must meet one of the qualifying types of disabilities listed in subparts i – iv of section 287.220.3(2)(a)a. or (2)(b). Only after these two requirements are met should the Commission consider whether the qualifying preexisting disability, combined with a work-related primary injury, rendered the claimant PTD.

The Commission found that Claimant had only one preexisting injury – the 2009 fracture of his right shoulder – that would potentially be a qualifying disability under section 287.220.3(2)(a)(iv).  And because "no medical opinion supports the conclusion that the combination of the right shoulder preexisting condition and any resulting disability, combined with [the primary injury] to result in [PTD,]" the Commission concluded that the SIF was not liable to pay Claimant PTD benefits under section 287.220.3.

**Standard of Review**

Pursuant to article V, section 18 of the Missouri Constitution, this Court reviews the commission's decision to determine if it is "supported by competent and substantial evidence upon the whole record."  Additionally, section 287.495.1 provides, in pertinent part:

Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding.  The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

This Court reviews questions of law *de novo*.  *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 808 (Mo. banc 2017).

*Cosby*, 579 S.W.3d at 205-06.

**Analysis**

*Point 1 – Alleged Misapplication of Section 287.220.3*

In his first point on appeal, Claimant asserts that

4

[the Commission] erred as a matter of law in denying [Claimant]'s claim for [PTD] benefits against the [SIF] because it misapplied [section] 287.220.3(2)(a)[] stating that only injuries that fall within items (i), (ii), (iii), or (iv) of subparagraph a[.] may be considered in determining if [Claimant] is permanently and totally disabled.

We disagree.

Section 287.220 governs claims against the SIF for PTD benefits. *Cosby*, 579 S.W.3d at 207. Pursuant to section 287.220.3(2):

Claims for [PTD] under section 287.200 against the [SIF] shall be compensable only when the following conditions are met:

(a) a. An employee has a medically documented preexisting disability equaling a minimum of fifty weeks of [PPD] compensation according to the medical standards that are used in determining such compensation which is:

(i) A direct result of active military duty in any branch of the United States Armed Forces; or

(ii) A direct result of a compensable injury as defined in section 287.020; or

(iii) Not a compensable injury, but such preexisting disability directly and significantly aggravates or accelerates the subsequent work-related injury and shall not include unrelated preexisting injuries or conditions that do not aggravate or accelerate the subsequent work-related injury; or

(iv) A preexisting [PPD] of an extremity, loss of eyesight in one eye, or loss of hearing in one ear, when there is a subsequent compensable work-related injury as set forth in subparagraph b of the opposite extremity, loss of eyesight in the other eye, or loss of hearing in the other ear; and

(b) Such employee thereafter sustains a subsequent compensable work-related injury that, when combined with the preexisting disability, as set forth in items (i), (ii), (iii), or (iv) of subparagraph a. of this paragraph, results in a [PTD] as defined under this chapter[.]

The Commission's view of the applicable law was as follows:

The analysis under [section] 287.220.3, at the outset involves the following two requirements. First, a showing of a medically documented preexisting disability that reaches the threshold of 50 weeks [PPD]. Second, the preexisting disability must meet one of the qualifying types of disabilities listed in subparts i – iv of [section] 287.220.3(2)(a)a. or [section]

5

287.220.3(2)(b).  If either one of these is absent, [SIF] liability does not exist.  Only after these two qualifying conditions are met, do we reach the final piece of the analysis.  We can find [SIF] liability only if "employee thereafter sustains a subsequent compensable work-related injury that, when *combined with the preexisting disability*, as set forth in items (i), (ii), (iii), or (iv) ... results in [PTD] ..."  *Id. (Our emphasis)*

Finding no evidence to support the application of any other subpart of section 287.220.3, the Commission went on to state:

> There is evidence to show a preexisting fracture of the right shoulder from 2009, which was a non-work-related injury.  Therefore, subsection 2 (a) (iv) of [section] 287.220.3 addressing an opposite extremity requires consideration.  However, no medical opinion supports the conclusion that the combination of the right shoulder preexisting condition and any resulting disability, combined with the [primary injury] to result in [PTD].  Rather, Dr. Volarich and Mr. Eldred opined that it was *all* the preexisting conditions together that combined to result in [PTD] with the primary injury.
>
> We find that [PTD] has not resulted from a combination of [the primary injury] and a preexisting disability to his right shoulder.  We find the other claimed preexisting conditions and injuries do not qualify under [section] 287.220.3.

Claimant asserts that because the Commission found his right-shoulder fracture to be a preexisting disability that met the criteria in section 287.220.3(2)(a)(iv), the Commission misapplied the law when it failed to then consider whether Claimant's less-serious preexisting injuries and disabilities, in addition to "all other characteristics" of Claimant, combined with the primary injury to render him PTD and eligible for such benefits from the SIF.  In other words, Claimant argues that because one of his preexisting disabilities qualified under section 287.220.3(2)(a), then *all* of his preexisting disabilities must be considered in determining whether the SIF is liable to pay him PTD benefits.  Even if we assume that Claimant adduced sufficient competent evidence to prove the first part of his contention (that the combination of all of his injuries, disabilities, and characteristics rendered him PTD), that evidence is not sufficient to prove that the SIF is liable to pay those

6

benefits. In regard to PTD benefits, our high court rejected Claimant's argument as follows in *Treasurer of State v. Parker*, 622 S.W.3d 178 (Mo. banc 2021).

> Mr. Parker argues the second condition can be met by showing the primary injury resulted in PTD when combined with all of the employee's disabilities (regardless of whether those disabilities meet the first condition). This argument also fails. Section 287.220.3(2)(b) specifies that the subsequent work-related injury must combine "with the preexisting disability, *as set forth in items (i), (ii), (iii), or (iv) of subparagraph a. of this paragraph*." (Emphasis added.) By specifying that the preexisting disability must qualify under one of the four eligibility criteria in the first condition, the legislature excluded disabilities that are not the primary injury and that do not qualify under the first condition from being considered when determining if the claimant meets the second condition. Therefore, an employee satisfies the second condition by showing the primary injury results in PTD when combined with *all* preexisting disabilities *that qualify* under one of the four eligibility criteria listed in the first condition.

622 S.W.3d at 182.

Dr. Volarich opined that Claimant is "[PTD] as a direct result of the work-related injury of 10/28/14 in combination with his preexisting medical conditions." Mr. Eldred similarly opined that Claimant is "[PTD] as a result of his injury on October 24th, '14, combined with his preexisting injuries and medical conditions." Claimant did not offer any testimony from any expert that he was PTD as a result of the combination of his preexisting right-shoulder injury and the primary injury.[2]

The Commission's analysis on this issue – that "no medical opinion supports the conclusion that the combination of the right shoulder preexisting condition and any resulting disability, combined with [the primary injury] to result in [PTD,]" was correct. *See Parker*, 622 S.W.3d at 182. Point 1 is denied.

---

[2] Nor does Claimant offer any evidence or argument that any of his preexisting disabilities (other than the right-shoulder fracture) fall within any of the four eligible categories set forth in section 287.220.3(2)(a)a.

*Point 2 – "Retroactive" Application of Section 287.220.3*

Claimant's second point argues that if "this Court does not find that [Claimant] is entitled to [PTD] benefits from the [SIF] pursuant to [section] 287.220.3," then we should find that the Commission "erred as a matter of law in applying [it] retroactively because retroactive application of [section] 287.220.3 causes an unjust hardship on [Claimant] who justifiably relied on the decisional law at the time of the hearing when he stipulated to the liability of [Employer]."

Claimant asserts that he reasonably relied on the "old" law, as set forth in ***Gattenby v. Treasurer of the State of Missouri – Custodian of the Second Injury Fund***, 516 S.W.3d 859 (Mo. App. W.D. 2017) (*abrogated by **Cosby***, 579 S.W.3d at 207), "for the proposition that [SIF] liability would be analyzed under the broad umbrella of [section] 287.220.2 in stipulating to the liability of [Employer] and Insurer at the hearing[.]"  Claimant's brief then refers to our supreme court's four-part test, set out in ***Sumners v. Sumners***, 701 S.W.2d 720 (Mo. banc 1985), for determining whether its decisions should be applied retroactively or only prospectively in arguing that the Commission erred as a matter of law in "retroactively" applying the "new law" created in ***Cosby***.

***Gattenby***, decided by the western district of our court in 2017, involved an employee's claim for PTD based upon a knee injury sustained in March 2014, and a history of preexisting disabilities dating from 2007, 2009, and 2010.  516 S.W.3d at 860.  ***Gattenby*** interpreted section 287.220.3 to apply only if "*both* the preexisting and primary injuries occur after January 1, 2014."  516 S.W.3d at 862 (emphasis added).

***Cosby*** was pending before our supreme court at the time of Claimant's hearing before the ALJ, and the Court handed down its opinion several days after the ALJ issued her

8

decision in Claimant's case. **Cosby** specifically abrogated **Gattenby** and held that the plain language of section 287.220.3 provides that it governs the SIF's liability if *any* workplace injury occurred after January 1, 2014. 579 S.W.3d at 208 n.5.

Contrary to Claimant's argument, **Cosby** did not bring about a change in the law. "[T]he plain and ordinary language of section 287.220.3" has not changed since its effective date on January 1, 2014, and it applies to "[a]ll claims against the [SIF] for *injuries* occurring after January 1, 2014." *Id.* at 207. The Commission did not err as a matter of law in applying the plain meaning of the statute as interpreted by our supreme court. *See* Mo. Const. art. V, sect. 2. Point 2 is denied.

*Point 3 – Request for Remand to ALJ for Additional Findings*

Claimant's third point asserts that even if section 287.220.3 is to be applied "retroactively," the Commission erred *as a matter of law* in denying his request to remand the case

> for a more complete finding of facts on the liability of the parties for [PTD] benefits in the context of [section] 287.220.3 because there is a dearth of evidence related to the analysis of liability under [section] 287.220.3 as such evidence was not relevant until after *Cosby* established that the [SIF]'s liability was governed by [section] 287.220.3 and not [section] 287.220.2.

As noted in our analysis of Point 2, section 287.220.3 has been relevant to the determination of SIF liability from the time of its effective date on January 1, 2014. In **Cosby**, our high court did not say that its application of section 287.220.3 represented a change in the existing law, and it did not state that it was applying this "new" law retroactively in affirming the Commission's decision that the SIF was not liable to pay an award of PPD benefits under section 287.220.3.

9

Claimant asked the Commission to remand this matter to the ALJ for "a more complete finding of facts" pursuant to section 287.610.5. Claimant now cites that statute on appeal in support of his argument that the Commission erred "as a matter of law" in denying his request that the claim be remanded to the ALJ. Section 287.610.5 provides that "[the Commission] *may* remand any decision of an [ALJ] for a more complete finding of facts." (Emphasis added.) This permissive language gives the Commission the discretion to order such a remand, but it does not *require* a remand as a matter of law. Point 3 does not claim, and then support with any appropriate argument, that the Commission abused its discretion in refusing to remand the matter to the ALJ.

Finally, Claimant made no effort to identify -- either to the Commission or to this court on appeal -- what additional fact findings by the ALJ would entitle Claimant to prevail on his claim against the SIF under the requirements of section 287.220.3. *C.f. **Tidwell v. Walker Constr.**, 151 S.W.3d 127, 132 (Mo. App. S.D. 2004) (a party seeking a new trial on the ground of newly discovered evidence not presented in the first instance to the ALJ or Commission must show that the new evidence is so material it would probably have produced a different result had it been presented).

Point 3 is also denied, and the decision of the Commission is affirmed.

DON E. BURRELL, Opinion author

GARY W. LYNCH, J. – Concurs

NANCY STEFFEN RAHMEYER, Senior Judge – Dissents in separate opinion

10



# Missouri Court of Appeals

## Southern District

### Division Two

RANDALL CLINKENBEARD, )
)
   Claimant-Appellant, )
)
vs. ) No. SD36942
)
STATE OF MISSOURI, ) Filed: December 21, 2021
DEPARTMENT OF CORRECTIONS, )
)
   Employer-Respondent, )
)
and )
)
TREASURER OF THE STATE OF )
MISSOURI, AS CUSTODIAN OF THE )
SECOND INJURY FUND, )
)
   Additional Party-Respondent. )

## APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## **DISSENTING OPINION**

I respectfully dissent because I believe the Commission abused its discretion in denying Claimant an opportunity to present additional evidence that became newly relevant to the application of section 287.220 because of a change in the prevailing decisional law that occurred more than two months after the completion of the evidentiary hearing before the ALJ and eighteen days after the ALJ's Award.

1

So far as I am aware, at the time of the evidentiary hearing on April 1, 2019 and the ALJ's Award on June 7, 2019, the *only* published appellate decision that interpreted the legislative changes to section 287.220.2 and .3 that were effective January 1, 2014 was the Western District's decision in ***Gattenby v. Treasurer of the State of Missouri-Custodian of the Second Injury Fund***, 516 S.W.3d 859 (Mo.App. W.D. 2017). ***Gattenby*** held that section 287.220.3 applied only where both the preexisting and primary injuries occur after January 1, 2014. ***Id.*** at 862. We are a unitary court of appeals, ***Akins v. Director of Revenue***, 303 S.W.3d 563, 567 n.4 (Mo. banc 2010), and only a district acting en banc can "choose[] not to follow a previous decision of an appellate court of this state." Supreme Court Operating Rule 22.01. ***Gattenby*** was not abrogated by ***Cosby v. Treasurer of State***, 579 S.W.3d 202 (Mo. banc 2019), until June 25, 2019, eighteen days after the ALJ's Award. Two days later, on the last day to file an application for review of the ALJ's Award, the SIF filed an application for review stating:

> The administrative law judge erred in finding the Second Injury Fund liable for permanent total benefits in that the ALJ incorrectly applied §287.220.2 analysis to this claim instead of §287.220.3 inconsistent with the plain meaning of §287.220 and the recent decision of the Supreme Court in *Cosby v Treasurer*, No. SC97317 (Mo. en banc).

A dissenting member of the Commission wrote she was "convinced that the appropriate course of action under these unique circumstances is to remand this matter to the administrative law judge to allow for the presentation of additional evidence." The dissenting member further stated:

> In the case before us, the administrative law judge applied § 287.220.2, and in so doing, there was no need to address the additional qualifications for preexisting conditions, as set forth in § 287.220.3. Based on a reasonable conclusion by employee's counsel that *Gattenby* was the state of the law at the time of preparing the case for hearing, the need for establishing the

2

connection between any one specific, qualifying preexisting disability with the primary injury, was not part of the case development and presentation.

. . . The employee did not file an application for review to the Commission in this matter. However, in response to the Second Injury Fund's application to the Commission, based on the ground that the incorrect provision of law was applied, employee's attorney requested that should we adopt the Second Injury Fund's argument, he should be provided an opportunity to provide additional evidence specific to the issue. Effectively, the employee's request is a motion to reopen the record for a supplemental hearing for additional evidence. 8 CSR 20-3.030[](2)[.] In the furtherance of justice, I believe that is what should occur here, given that the state of the law was, and still is, subject to further qualification and refinement . . . .

Because I disagree with the majority's decision to deny Second Injury Fund liability without a full opportunity for employee to present his case under the current state of the law, I must respectfully dissent.

I believe the dissenting Commissioner was correct.

Although the literal language of section 287.610.5 references only remand "for a more complete finding of facts," I believe the statute also authorizes the Commission to order the ALJ to reopen the original hearing to receive additional evidence necessary to permit the ALJ to make a more complete finding of facts. *See* ***Tidwell v. Walker Construction***, 151 S.W.3d 127, 129, 131-32, 133 (Mo.App. S.D. 2004) (remand to ALJ for hearing to "allow [claimant] to introduce additional evidence" in somewhat similar circumstances).

Claimant was the only witness who appeared in person at the evidentiary hearing before the ALJ. Although Claimant testified about numerous, pre-2014 injuries and medical conditions he incurred before his last compensable, work-related injury on October 28, 2014, and about the effect of those previous injuries and conditions on his last compensable, work-related injury, counsel for the SIF never objected to this testimony on any ground including relevance, and, other than brief cross-examination of Claimant including about "prior conditions," did not offer any evidence on behalf of the SIF. I understand that

3

Claimant had the burden of proof in this proceeding, but there is nothing in the record to indicate the SIF at the time of the evidentiary hearing or the ALJ's Award raised the claim, or believed, section 287.220.3 applied to Claimant rather than section 287.220.2 under *Gattenby*.

In these circumstances, I believe the Commission abused its discretion in denying Claimant an opportunity to present additional evidence necessary to meet his burden of proof under section 287.220.3, and I would reverse and remand on that basis.

Nancy Steffen Rahmeyer, Senior Judge – Dissenting Opinion Author