

# SUPREME COURT OF MISSOURI
## en banc

Jeffrey S. Amick,                            )
                                             )
               Appellant,         )
                                             )
vs.                                          )      No. SC93742
                                             )
Director of Revenue,                         )
                                             )
               Respondent.        )

Appeal from the Circuit Court of St. Louis County
Honorable Thomas J. Prebil, Judge

*Opinion issued April 15, 2014*

Jeffrey Amick appeals a judgment dismissing his petition for limited driving privileges pursuant to section 302.309.[1]  Amick asserts that section 302.309.3(6)(b) violates the equal protection clause because the statute disqualifies individuals with a felony conviction involving a motor vehicle from obtaining limited driving privileges. Amick's equal protection argument is premised on a comparison with section 302.309.3(9), which allows graduates of, or participants in, statutorily authorized DWI court divisions or programs to obtain such privileges.  Amick asserts that the differential treatment is unconstitutional.  It is not.  Neither section 302.309.3(6)(b) nor section 302.309.3(9) violates equal protection because allowing DWI court graduates and participants the opportunity to obtain limited driving privileges while denying the same

---

[1] All statutory citations are to RSMo Supp. 2013.

opportunity to non-participants is rationally related to the legitimate state interest in protecting the public from drunken drivers. The judgment is affirmed.

## FACTS

The St. Louis County circuit court convicted Amick of felony driving while intoxicated. As a result of the felony conviction, the director of revenue suspended Amick's driving privileges for a minimum of 10 years beginning in November 2008.

In August 2013, Amick filed a petition for limited driving privileges. The director filed a motion to dismiss on grounds that Amick's felony conviction made him statutorily ineligible for limited driving privileges pursuant to section 302.309.3(6)(b). Amick denied he was statutorily ineligible. He further alleged that, if his driving privileges were not reinstated, he would argue on appeal that section 302.309.3 violates the equal protection clause of the state and federal constitutions. The circuit court determined that Amick was statutorily ineligible for limited driving privileges pursuant to section 302.309.3(6)(b) due to his felony conviction. The court dismissed Amick's petition.

Amick appeals. He asserts that section 302.309.3 violates equal protection by allowing DWI court participants and graduates to obtain reinstatement of limited driving privileges while denying a similar opportunity to non-participants. As established below, there is no equal protection violation.

## ANALYSIS

There are two steps to an equal protection analysis. *State v. Young*, 362 S.W.3d 386, 397 (Mo. banc 2012). The first step requires a court to identify the classification at issue to ascertain the appropriate level of scrutiny. *Id*. If the challenged law draws a

distinction on the basis of a suspect classification, such as race, or curtails the exercise of a fundamental right, then strict scrutiny applies. *Id.* If the challenged law makes a gender-based classification, it is subject to intermediate scrutiny. *Comm. for Educ. Equality v. State*, 294 S.W.3d 477, 496, n.4 (Mo. banc 2009). If there is no suspect classification or fundamental right at issue, a court will apply rational-basis review to determine whether the challenged law is rationally related to some legitimate end. *Young*, 362 S.W.3d at 397.

The second step of the analysis requires the application of the appropriate level of scrutiny to the challenged statute. *Weinschenk v. State*, 203 S.W.3d 201, 211 (Mo. banc 2006). Section 302.309.3 does not classify on the basis of race, national origin, gender or any other arbitrary personal characteristic. The statute limits the driving privilege, but driving is not a fundamental right. *See Williams v. Schaffner*, 477 S.W.2d 55, 57 (Mo. banc 1972) (a driver's license "is a privilege or a qualified right that is subject to suspension or revocation as may be provided by law on any ground that would justify a refusal to issue a license in the first instance …."); *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475, n.2 (Mo. banc 1986). Section 302.309.3 does nothing more than regulate those individuals who are eligible for driving privileges without reference to any suspect classification or limitation on any fundamental right. Amick's claim, therefore, is subject to rational-basis review.

When applying rational-basis review, this Court presumes that a statute has a rational basis, and the party challenging the statute must overcome this presumption by a "clear showing of arbitrariness and irrationality." *Foster v. St. Louis County*, 239 S.W.3d

3

599, 602 (Mo. banc 2007) (quoting *Fust v. Attorney General for the State of Missouri*, 947 S.W.2d 424, 432 (Mo. banc 1997)). Rational-basis review does not question "the wisdom, social desirability or economic policy underlying a statute," and a law will be upheld if it is justified by any set of facts. *Comm. for Educ. Equality*, 294 S.W.3d at 491 (quoting *Mo. Prosecuting Attorneys & Circuit Attorneys Ret. Sys. v. Pemiscot County*, 256 S.W.3d 98, 102 (Mo. banc 2008). Instead, rational-basis review requires the challenger to "show that the law is wholly irrational." *City of St. Louis v. State*, 382 S.W.3d 905, 913 (Mo. banc 2012) (quoting *Treadway v. State*, 988 S.W.2d 508, 511 (Mo. banc 1999)).

The state has a legitimate interest in promoting public safety. This interest includes the regulation of drivers' licenses on the basis of convictions for driving while intoxicated. *See, e.g., Williams*, 477 S.W.2d at 57 (the state, "under its police power … may revoke an operator's license after a conviction for operating an automobile while intoxicated"). In this case, there is a rational relationship between the state's legitimate interest in promoting public safety and the decision to permit DWI court graduates and participants to obtain reinstatement of driving privileges on different terms than non-participants. The legislature rationally could determine that DWI court participants are less likely to reoffend and, therefore, pose less of a risk to public safety than offenders who do not participate. The legislature also rationally could determine that providing an opportunity for reinstatement of driving privileges could incentivize offenders to obtain treatment and abstain from driving while intoxicated. The classification drawn in section

4

302.309.3 between DWI court participants and non-participants is rationally related to the state's legitimate interest in promoting public safety.

Amick also argues that the state could achieve its public safety goals by establishing other programs or using alternative means, such as ignition devices that prevent an intoxicated individual from starting a vehicle. These measures and many others may be effective. However, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Bert v. Director of Revenue*, 935 S.W.2d 319, 321 (Mo. banc 1996) (quoting *Madden v. Kentucky*, 309 U.S. 83, 88 (1940)). Amick's argument that there are alternative means to achieve the state interest in public safety does not undermine the rationality of allowing graduates and participants in DWI court programs to obtain limited driving privileges while denying that opportunity to non-participants. Amick has not established that section 302.309.3 violates his right to equal protection.

The judgment is affirmed.[2]

_____
Richard B. Teitelman, Judge

All concur.

---

[2] Amick also asserts that the statutes discriminate on the basis of poverty because he could not afford to participate in the DWI court program. This argument fails because Amick's factual assertions are not in the record that was presented to the trial court. This Court reviews the factual record presented to the trial court.