

# SUPREME COURT OF MISSOURI
## en banc

DOUGLAS COSBY,                    )     *Opinion issued June 25, 2019*
                                 )
                    Appellant,   )
                                 )
v.                               )     No.  SC97317
                                 )
TREASURER of the STATE OF        )
MISSOURI as CUSTODIAN of the     )
SECOND INJURY FUND,              )
                                 )
                    Respondent.  )

### APPEAL FROM THE MISSOURI LABOR AND
### INDUSTRIAL RELATIONS COMMISSION

In 2014, Douglas Cosby injured his left knee at work.  He subsequently filed a

workers' compensation claim against his employer and the second injury fund alleging he

was totally or, alternatively, partially disabled as a result of his knee injury combined with

his preexisting disabilities.  Following an evidentiary hearing, an administrative law judge

("ALJ") determined Mr. Cosby was not entitled to permanent total disability ("PTD") or

permanent partial disability ("PPD") benefits from the fund pursuant to section 287.220.3.[1]

The labor and industrial relations commission affirmed the ALJ's award.  On appeal to this

Court, Mr. Cosby asserts the commission erroneously interpreted section 287.220 to find

---

[1] Unless otherwise noted, all statutory citations are to RSMo Supp. 2013.

he was not entitled to PPD benefits from the fund because his knee injury occurred after January 1, 2014. Alternatively, he contends interpreting section 287.220.3(2) to not provide PPD benefits from the fund violates the Missouri open courts provision as well as his due process and equal protection rights.

The commission did not erroneously conclude Mr. Cosby was not entitled to PPD benefits under section 287.220.3(2), which provides that PPD claims against the fund shall not be filed for injuries occurring after January 1, 2014. Although Mr. Cosby contends section 287.220.2 controls the award of PPD benefits in this case because all his preexisting disabilities occurred prior to January 1, 2014, the statute defines the term "injuries" to mean injuries arising out of or in the course of employment. Section 287.220.2, therefore, does not apply because Mr. Cosby's knee injury, which arose out of the course of his employment, occurred after January 1, 2014. Rather, section 287.220.3, which by its plain and ordinary language pertains to all claims against the fund for injuries occurring after January 1, 2014, applies and does not authorize an award of PPD benefits to Mr. Cosby.

Furthermore, section 287.220.3, as applied to Mr. Cosby, does not violate the open courts provision or his due process and equal protection rights. Section 287.220.3(2)'s failure to authorize PPD claims against the fund does not arbitrarily deny access to Missouri courts; rather, it eliminates a statutory cause of action – PPD claims against the fund – after January 1, 2014. Additionally, Mr. Cosby's due process violation argument conflates statutory ambiguity with vagueness and, therefore, does not establish that section 287.220.3 violates his right to due process. Finally, while section 287.220.3 treats claimants differently based on whether their injuries occurred prior to January 1, 2014, or

2

whether the claimant is seeking PPD or PTD benefits, the statute is not wholly irrational in that the fund was insolvent at the time the legislature amended the statute to eliminate PPD benefit claims against the fund. Accordingly, section 287.220.3 satisfies the rational basis test. The commission's decision is affirmed.

## Factual and Procedural Background

On January 22, 2014, Mr. Cosby was working as a carpenter for Drake Carpentry, Inc., when he fell off a ladder and injured his knee. Mr. Cosby was diagnosed with a cartilaginous loose body evident in the patellofemoral joint of the left knee. He subsequently underwent knee surgery to remove the loose body and otherwise repair the patellofemoral joint.

On February 24, 2014, Mr. Cosby filed a claim for workers' compensation against Drake Carpentry and the fund. Drake Carpentry and Mr. Cosby reached a settlement with respect to the January 2014 injury. He requested a hearing before an ALJ, however, to determine the fund's liability for PTD or PPD benefits. The ALJ conducted a hearing at which Mr. Cosby testified regarding four preexisting conditions: (1) a knee injury in 1974; (2) bilateral inguinal hernias in 2002; (3) a left shoulder rotator cuff tear in 2004; and (4) a right shoulder rotator cuff tear in 2008. He introduced expert testimony that he suffered the following permanent disability percentages: 30 percent PPD at the left knee for the 2014 injury; 15 percent PPD at the left knee for his 1974 injury; 25 percent PPD at the left shoulder for the 2004 injury; and 25 percent PPD at the right shoulder for the 2008 injury.

On July 28, 2016, the ALJ issued its award, finding Mr. Cosby was not entitled to any benefits from the fund. In doing so, the ALJ concluded Mr. Cosby was not entitled to

3

PTD benefits because he continued to work as a carpenter following the 2014 injury.[2] The ALJ then reasoned that, because Mr. Cosby's injury occurred after January 1, 2014, he was not entitled to PPD benefits from the fund under section 287.220.3(2). Mr. Cosby appealed to the commission, which affirmed the ALJ's award.

Mr. Cosby appeals. Because he challenges the constitutional validity of section 287.220, this Court has exclusive jurisdiction over the appeal. Mo. Const. art. V, sec. 3.

**Standard of Review**

Pursuant to article V, section 18 of the Missouri Constitution, this Court reviews the commission's decision to determine if it is "supported by competent and substantial evidence upon the whole record." Additionally, section 287.495.1 provides, in pertinent part:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

This Court reviews questions of law *de novo*. *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 808 (Mo. banc 2017).

---

[2] Mr. Cosby does not challenge on appeal the ALJ's findings as to PTD benefits.

## Section 287.220.3(2) Applies

In his first point, Mr. Cosby asserts the commission erred in concluding the fund was not liable for PPD benefits because he established he was entitled to such benefits under section 287.220.2. He contends the commission erroneously interpreted and misapplied the law when it determined section 287.220.3(2) controlled because all of his preexisting disabilities occurred prior to January 1, 2014, and section 287.220.2 can be interpreted to apply to such injuries. He further asserts the commission failed to harmonize sections 287.220.2 and 287.220.3 in evaluating whether he was entitled to PPD benefits.

When interpreting statutes, this "[C]ourt must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible." *Mantia*, 529 S.W.3d at 809 (internal quotation omitted). "In determining the intent and meaning of statutory language, the words must be considered in context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *S. Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009).

Section 287.220 controls claims against the fund for PPD benefits. In 2013, section 287.220 was amended to provide, in pertinent part:

> 2. All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection. . . .

> 3. (1) All claims against the second injury fund for injuries occurring after January 1, 2014, and all claims against the second injury fund involving a subsequent compensable injury which is an occupational disease filed after January 1, 2014, shall be compensated as provided in this subsection.

5

(2) No claims for permanent partial disability occurring after January 1, 2014, shall be filed against the second injury fund.

This Court strictly construes the provisions of workers' compensation statutes. Section 287.800.1; *see also Treasurer of Missouri–Custodian of the Second Injury Fund v. Witte*, 414 S.W.3d 455, 461 (Mo. banc 2013).

Mr. Cosby asserts a strict reading of section 287.220.2 allows PPD benefits when the previous disability was due to any injury before January 1, 2014. Mr. Cosby interprets "injuries" as used in section 287.220.2 to encompass all his preexisting conditions rather than the knee injury that precipitated the filing of his current claim against the fund. But Mr. Cosby's interpretation overlooks both that the term "injury" is defined by statute for purposes of workers' compensation and that the plain and ordinary language of section 287.220.3 precludes his interpretation of section 287.220.2.

Section 287.220.3(1) applies to "[a]ll claims against the second injury fund for *injuries* occurring after January 1, 2014." (Emphasis added). Section 287.020.3(1) defines "injury" to mean "an injury which has arisen out of and in the course of employment."[3] When the legislature provides a statutory definition, it "supersedes the commonly accepted dictionary or judicial definition and is binding on the courts." *State ex rel. Jackson v. Dolan*, 398 S.W.3d 472, 479 (Mo. banc 2013). Therefore, section 287.220.3 applies to all claims for PPD benefits for injuries arising out of or in the course of employment after January 1, 2014.

Importantly, section 287.220.3(2) goes on to provide: "No claims for permanent

---

[3] Section 287.020.3(5) further provides the term "injury" means "violence to the physical structure of the body."

6

partial disability occurring after January 1, 2014, shall be filed against the second injury fund." That section does not differentiate between claims in which there has been previous disability prior to January 1, 2014, and claims in which the previous disability occurred after January 1, 2014. The plain and ordinary meaning of the language in section 287.220.3(2) precludes the filing of claims arising from injuries occurring after January 1, 2014, without regard to when any previous disability occurred. Because Mr. Cosby's 2014 knee injury arose out of his employment after January 1, 2014, section 287.220.3 applies to bar his PPD benefits claim.

When read in the context of section 287.220 as a whole, section 287.220.2 must be interpreted to apply to all cases of permanent disability in which all injuries, including the subsequent compensable injury, occurred prior to January 1, 2014. In other words, section 287.220.2 applies to all PTD or PPD claims against the fund for injuries arising out of or in the course of employment when the injury causing PPD and the subsequent compensable injury all occurred prior to January 1, 2014. Section 287.220.3 applies to all PTD or PPD claims against the fund in which any injury arising out of or in the course of employment, including the subsequent compensable injury, occurred after January 1, 2014.[4]

---

[4] The dissenting opinion interprets section 287.220.3(2) to exclude those cases in which an employee has suffered *previous* PPD prior to January 1, 2014, though his or her subsequent disability occurred afterward. "[S]trict construction of a statute presumes nothing that is not expressed." *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. banc 2014) (quoting *Robinson v. Hooker*, 323 S.W.3d 418, 423 (Mo. App. 2010)). The statute's scope must be limited to "matters affirmatively pointed out by its terms, and to cases which fall fairly within its letter." *Id.* (quoting *Robinson*, 323 S.W.3d at 423). When strictly construing workers' compensation statutes, this Court may not "add or subtract words from a statute or ignore the plain meaning of the words that are there." *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018).

Mr. Cosby's 2014 knee injury arising in the course of employment occurred after January 1, 2014. It follows that section 287.220.3, rather than section 287.220.2, applies to his claim for PPD benefits following his 2014 knee injury. Consequently, Mr. Cosby's PPD claim against the fund is not a claim authorized by the statute because his injury occurred after January 1, 2014. The commission, therefore, did not err in finding section 287.220.3 applied to Mr. Cosby's PPD claim.[5]

### No Violation of the Open Courts Provision

Mr. Cosby asserts that, if this Court interprets section 287.220 to find his PPD claim against the fund is not authorized, the statute violates the open courts provision of the Missouri Constitution. He contends section 287.220.3(2) does not abolish the right to PPD benefits against the fund but rather only removes the right of claimants to file for those benefits, thereby denying them access to Missouri courts.

---

Nowhere does section 287.220.3(2) explicitly or implicitly provide an exception for employees whose previous injuries resulting in disability occurred before January 1, 2014. Nor can section 287.220.2 enact this exception by proxy, as the dissenting opinion suggests. Strictly construed, section 287.220.2 mandates "injuries," defined to encompass the "subsequent compensable injury" as well any injury causing a preexisting PPD, occur prior to January 1, 2014. When one reads section 287.220.2 together with the plain and ordinary language of section 287.220.3(2), it does not affirmatively entitle all employees who have suffered previous disability prior to January 1, 2014, to PPD benefits.

[5] Mr. Cosby relies on *Gattenby v. Treasurer of Missouri–Custodian of the Second Injury Fund*, 516 S.W.3d 859, 862 (Mo. App. 2017), for the proposition that section 287.220.3 "applies only where both the preexisting and primary injuries occur after January 1, 2014." In *Gattenby*, however, the court of appeals failed to acknowledge that the workers' compensation statute defines the term "injury" and that the plain and ordinary language of section 287.220.3 disallows PPD benefits to employees whose previous or subsequent compensable injuries occurred after January 1, 2014. Accordingly, *Gattenby* should no longer be followed to the extent it is inconsistent with this opinion.

8

Article I, section 14 of the Missouri Constitution provides, "[T]he courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." "[T]he right of access to the courts set out in the open courts provision of the Missouri Constitution means simply the right to pursue in the courts the causes of action the substantive law recognizes." *Ambers-Phillips v. SSM DePaul Health Ctr.*, 459 S.W.3d 901, 909-10 (Mo. banc 2015) (internal quotation omitted).

Mr. Cosby contends all section 287.220.3(2) did was take away a claimant's right to file for, not receive, PPD benefits. But he fails to acknowledge that, to receive PPD benefits from the fund, a claimant must first file a claim for compensation against the fund. 8 CSR § 50-2.010(7). Therefore, section 287.220.3(2)'s language that PPD claims may not be filed prevents claimants from receiving PPD benefits from the fund.

The legislature's provision that PPD claims against the fund shall not be filed after January 1, 2014, is akin to the elimination of a cause of action. The legislature can eliminate a cause of action without violating the open courts provision. *See Blaske v. Smith & Entzeroth,* 821 S.W.2d 822, 833 (Mo. banc 1991). Accordingly, Mr. Cosby has failed to establish section 287.220.3(2) violates the open courts provision.[6]

---

[6] In arguing section 287.220.3(2) violates the open courts provision, Mr. Cosby asserts the statute cannot be applied retrospectively and that claimants suffering from preexisting disabilities prior to January 1, 2014, had a "vested reasonable expectation in their right to receive Fund benefits in the future should they incur a new compensable injury." In doing so, Mr. Cosby relies on *Stiers v. Director of Revenue*, 477 S.W.3d 611 (Mo. banc 2016). *Stiers*, however, did not involve an open courts violation claim, and Mr. Cosby does not allege any further constitutional violations with respect to retrospectivity.

**No Due Process Violation**

Mr. Cosby further asserts section 287.220 violates due process because it does not inform the public which rules govern their particular circumstances. He contends injured workers of average intelligence cannot be expected to understand section 287.220 if lawyers, commissioners, and ALJs all apply different interpretations of the statute.

Mr. Cosby conflates ambiguity with vagueness. Due process is satisfied if a statute's "words used bear a meaning commonly understood by persons of ordinary intelligence." *Missourians for Tax Justice Educ. Project v. Holden*, 959 S.W.2d 100, 105-06 (Mo. banc 1997) (internal citation omitted). But due process is not violated simply because a statute is ambiguous and requires construction. Courts have long been tasked with applying canons of construction to interpret allegedly ambiguous statutes "in a manner that conforms to the demands of the constitution." *Id.* at 105. Rather, a statute is unconstitutionally vague when it "speaks with such uncertainty that it permits arbitrary and discriminatory enforcement or in such a way that a person of ordinary intelligence does not receive fair notice from the language employed in the law what conduct that law requires or forbids." *Id.* (internal citation omitted).

Mr. Cosby's arguments regarding section 287.220 focus on his belief the language used in various subsections of the statute conflict and must be harmonized. Such arguments sound in ambiguity. Accordingly, his arguments fail to establish a constitutional due process violation.

10

**No Equal Protection Violation**

Mr. Cosby further contends section 287.220.3(2) violates the equal protection clause because it treats claimants differently based on whether their injuries occurred prior to January 1, 2014, and whether the claimants are seeking PPD or PTD benefits. He asserts there is no rational basis to distinguish claimants based on the date of their injuries or whether their disabilities are partial or total.

The equal protection clause of the Missouri Constitution provides "all persons are created equal and are entitled to equal rights and opportunity under the law." Mo. Const. art. I, sec. 2. This Court applies a two-step analysis for equal protection violation claims. *Amick v. Dir. of Revenue*, 428 S.W.3d 638, 640 (Mo. banc 2014). A court first determines whether the classification at issue involves a suspect class, such as race or gender, or whether a fundamental right is at issue. *Id.* "If there is no suspect classification or fundamental right at issue, a court will apply rational-basis review to determine whether the challenged law is rationally related to some legitimate end." *Id.*

Mr. Cosby concedes his challenge does not involve a suspect class or fundamental right; therefore, section 287.220 is subject to rational-basis review. Under rational-basis review, the party challenging the constitutional validity of the statute must overcome the presumption that the statute has a rational basis "by a clear showing of arbitrariness and irrationality." *Id.* (internal quotation omitted). "[T]he challenger bears the burden to show that the law is wholly irrational." *Treadway v. State*, 988 S.W.2d 508, 511 (Mo. banc 1999). This Court must uphold a statute "if it is justified by any set of facts," regardless of

11

"the wisdom, social desirability or economic policy underlying a statute." *Amick*, 428 S.W.3d at 640 (internal quotation omitted).

Mr. Cosby asserts the failure to provide for PPD benefits in section 287.220.3(2) serves no rational basis because it only encourages employers to discriminate against potential employees with preexisting disabilities. But he ignores the fact that, at the time section 287.220 was amended, the fund was insolvent. Under such circumstances, the legislature justifiably sought to limit the number of workers eligible for fund benefits. Accordingly, because Mr. Cosby has failed to establish that the failure of section 287.220.3 to provide benefits for PPD claims occurring after January 1, 2014, is wholly irrational, his equal protection violation assertions are without merit.

## Conclusion

The commission did not erroneously interpret section 287.220 in finding Mr. Cosby is not entitled to receive PPD benefits from the fund for his injury that occurred after January 1, 2014. Additionally, Mr. Cosby failed to prove section 287.220 violates his constitutional rights. The commission's decision is affirmed.

_____
PATRICIA BRECKENRIDGE, JUDGE

Fischer, C.J., Wilson, Russell and
Powell, JJ., concur; Stith, J., concurs in
part and dissents in part in separate opinion
filed; Draper, J., concurs in opinion of Stith, J.

12



# SUPREME COURT OF MISSOURI
## en banc

DOUGLAS COSBY,            )
                                      )
             Appellant,    )
                                      )
v.                              )     No. SC97317
                                      )
TREASURER of the STATE OF    )
MISSOURI as CUSTODIAN of the   )
SECOND INJURY FUND,        )
                                      )
             Respondent.   )

### Opinion Concurring in Part and Dissenting in Part

I agree with so much of the majority opinion as states that section 287.220, as revised effective January 1, 2014, violates neither Mr. Cosby's due process nor his equal protection rights nor the open courts provision of the Missouri Constitution. I respectfully dissent from the majority's holding that section 287.220.3 precludes an award for permanent partial disability for an injury occurring after January 1, 2014, when the employee has suffered previous permanent partial disability prior to January 1, 2014.

In 2012, before the revisions relevant here, section 287.220.1 provided:

1. *All cases of permanent disability where there has been previous disability shall be compensated as herein provided.* Compensation shall be computed on the basis of the average earnings at the time of the last injury. If any employee *who has a preexisting permanent partial disability whether from compensable injury or otherwise,* … receives a subsequent compensable injury resulting in additional permanent partial disability …

the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.

(Emphasis added).

Under this statute, an employee established second injury fund liability by showing "(1) a preexisting partial disability combined with a disability from a subsequent injury to create permanent and total disability or (2) the two disabilities combined to result in a greater disability than that which would have resulted from the last injury by itself." *Gassen v. Lienbengood, 134 S.W.3d 75, 79 (Mo. App. 2004)*.

In 2013, the legislature revised section 287.220.2 to include, among other changes, a cutoff date for when the preexisting permanent partial disability had to have occurred by providing in pertinent part:

> 2. *All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection. … If any employee who has a preexisting permanent partial disability* whether from compensable injury or otherwise, … *receives a subsequent compensable injury* resulting in additional permanent partial disability … the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.

(Emphasis added).

A simple reading of this language shows it applies to all cases in which an employee, who has suffered a new compensable injury, makes a claim against the fund and already had a preexisting permanent partial disability occurring prior to January 1, 2014. The reader knows this because this is what subsection 2 plainly says: "2. All cases of permanent disability *where there has been previous disability due to injuries occurring*

2

*prior to January 1, 2014*, shall be compensated as provided in this subsection … [if the employee] … *who has a preexisting permanent partial disability receives a subsequent compensable injury*." *Id.* Mr. Cosby had a preexisting partial disability due to injuries occurring prior to January 1, 2014, and received a subsequent compensable injury. Ergo, he is entitled to recover under section 287.220.2.

The majority concludes otherwise by first interpreting subsection 287.220.3(2) to apply to all cases in which any injury occurred after January 1, 2014, even where the employee already had a permanent partial disability. Having read that subsection to cover the waterfront of injuries, it then concludes subsection 287.220.2, therefore, must only include employees who suffered all their injuries prior to January 1, 2014.

The majority's "cart before the horse" approach to interpreting these subsections changes the meaning of section 287.220.2. Subsection 2 states in relevant part, "All cases of permanent disability *where there has been previous disability* due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection." (Emphasis added). In other words, the subsection by its terms applies in all cases in which there has been previous disability due to injuries occurring prior to January 1, 2014, not in all cases in which the new injury occurred prior to January 1, 2014.[1] The reference to the date January 1, 2014, that is, applies to the timing of the previous disability, not the timing of the current injury.

Had the legislature intended that the current injury must have occurred prior to

---

[1] It is the majority, therefore, that ignores the legislature's use of the term "previous," not this dissenting opinion that adds the term, as the majority suggests in footnote 4.

January 1, 2014 also, as the majority suggests, the subsection would have read: "2. All cases of permanent disability **occurring prior to January 1, 2014,** where there **also** has been previous disability due to injuries ~~occurring prior to January 1, 2014~~, shall be compensated as provided in this subsection." But it did not. Instead, the legislature revised and left standing a lengthy and detailed statute providing for compensation for injuries such as those of Mr. Cosby. "It is presumed that each word, clause, sentence, and section of a statute will be given meaning and that the legislature did not insert superfluous language." *Macon Cty. Emergency Servs. Bd. v. Macon Cty. Comm'n, 485 S.W.3d 353, 355 (Mo. banc 2016)*.

The majority's reading of subsection 2 is driven by its effort to make it more congruent with what it believes the legislature was trying to accomplish in subsection 3, which states:

> 3. (1) All claims against the second injury fund for injuries occurring after January 1, 2014, and all claims against the second injury fund involving a subsequent compensable injury which is an occupational disease filed after January 1, 2014, shall be compensated as provided in this subsection.
>    (2) No claims for permanent partial disability occurring after January 1, 2014, shall be filed against the second injury fund.

Admittedly, sections 287.220.2 and 287.220.3(2) are confusing if read in isolation. Subsection 3 clearly bars permanent partial disability claims against the second injury fund when the claim of permanent partial disability occurs after January 1, 2014. But this confusion cannot be resolved by interpreting out of existence the language of subsection 2. "Where two statutory provisions covering the same subject matter are unambiguous standing separately but are in conflict when examined together, a reviewing court must

4

attempt to harmonize them and give them both effect." *S. Metro. Fire Prot. Dist. v. City of Lee's Summit, 278 S.W.3d 659, 666 (Mo. banc 2009).* The two provisions can both be given effect by interpreting section 287.220.2 to apply to those cases in which an employee has suffered a previous permanent disability before January 1, 2014, and then suffers a new injury. Section 287.220.3, on the other hand, would apply to all cases in which an employee first suffered a permanent disability after January 1, 2014. This gives meaning to all the provisions of the statute without reading into subsection 2 language that simply is not there.

For these reasons, I respectfully dissent from the majority's holding that subsection 287.220.2 does not apply to Mr. Cosby and that he cannot recover under it.

_____
**LAURA DENVIR STITH, JUDGE**

5