

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| LUCILLE SCHOEN, | ) | *Opinion issued April 14, 2020* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC98168 |
| | ) | |
| MID-MISSOURI MENTAL | ) | |
| HEALTH CENTER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TREASURER OF THE STATE OF | ) | |
| MISSOURI – CUSTODIAN OF THE | ) | |
| SECOND INJURY FUND, | ) | |
| | ) | |
| Respondents. | ) | |

### APPEAL FROM THE MISSOURI LABOR AND
### INDUSTRIAL RELATIONS COMMISSION

Lucille Schoen (hereinafter, "Employee") appeals from the Labor and Industrial

Relations Commission's (hereinafter, "the Commission") decision denying her workers'

compensation benefits because she failed to prove her work injury was the prevailing or

primary factor causing any permanent disability. Employee also claims the

Commission's finding denying her claim against the Second Injury Fund (hereinafter,

"Fund") as moot was erroneous. Employee asserts the Commission misapplied the law

and its award was contrary to the evidence presented. The Commission's decision is affirmed.[1]

## Procedural and Factual Background

On May 8, 2009, Employee was exposed to cypermethrin, an insecticide, while working as a charge nurse at Mid-Missouri Mental Health Center (hereinafter, "Employer"). Employee complained of throat and eye irritation; she also began coughing and wheezing. Employer sent her to the emergency room on May 11, 2009. Employee was prescribed medication and returned to work without any limitations.

Employee continued to complain, and Employer sent her to Dr. Eddie Runde (hereinafter, "Dr. Runde") for further evaluation. While at Dr. Runde's office, another patient had a dog in the office. Employee was being escorted for pulmonary function testing when the dog got loose. Dr. Runde attempted to divert the dog from Employee's path, but he accidently tripped Employee. Employee fell and claimed she sustained permanent injuries to her knees, lower back, hip, and neck.

After falling, Dr. Runde completed Employee's evaluation and released her to regular work duty without restrictions. Dr. Runde also opined he expected no permanent disability due to Employee's exposure to cypermethrin.

On June 10, 2009, Employee was evaluated by Dr. Lawrence Lampton (hereinafter, "Dr. Lampton") for her respiratory symptoms. Dr. Lampton concluded Employee's respiration issues were likely related to allergies or possibly asthma.

---

[1] This Court has jurisdiction under article V, section 10, of the Missouri Constitution because it granted transfer after opinion by the court of appeals.

Following a pulmonary functions test, Dr. Lampton determined Employee was within normal limits.

Employer requested Employee obtain an independent medical examination by Dr. Thomas Hyers (hereinafter, "Dr. Hyers"). Dr. Hyers assessed Employee had transient bronchitis and upper airway irritation. He opined these conditions were not chronic or permanent. Dr. Hyers also assured Employee she would not develop chronic asthma as a result of her cypermethrin exposure. Dr. Hyers placed Employee at maximum medical improvement and assessed no permanent disability.

Employee underwent additional treatment due to her alleged injuries sustained after being tripped accidently in Dr. Runde's office.[2] Employee requested Dr. David T. Volarich (hereinafter, "Dr. Volarich") evaluate her. Dr. Volarich took Employee's history, reviewed her medical records, and performed a physical evaluation. Dr. Volarich diagnosed Employee with upper airway and pulmonary irritation with a residual non-productive cough. He determined based upon the cypermethrin exposure, Employee had a five percent permanent partial disability rating of the body as a whole. Dr. Volarich provided additional diagnoses and ratings connected to her accidental tripping at Dr. Runde's office.

Employee sought workers' compensation benefits for her exposure to cypermethrin. Employee then filed an amended claim for workers' compensation,

---

[2] The issue in this appeal is whether Employee's accidental tripping arose out of and in the course of her employment. Accordingly, there is no need to engage in a recitation of Employee's alleged injuries resulting from being tripped.

asserting, in addition to cypermethrin exposure, Employee sustained injuries from being tripped while walking out of Dr. Runde's office after an examination.

An administrative law judge (hereinafter, "ALJ") awarded Employee benefits for her exposure to cypermethrin and her injuries from being tripped accidently at Dr. Runde's office because it was the "natural and probable consequence of" the cypermethrin exposure. Employer appealed this decision to the Commission.

The Commission reversed the ALJ's decision and award. The Commission found Employee failed to meet her burden of proving her cypermethrin exposure was the prevailing or primary factor in causing any alleged injury from being tripped accidently at Dr. Runde's office. Employee appeals the Commission's decision regarding the denial of benefits for injuries arising from being tripped accidentally.

**Standard of Review**

"This Court may modify, reverse, remand, or set aside the Commission's decision only when: (1) the Commission acted *ultra vires*; (2) the decision was procured fraudulently; (3) the facts found by the Commission do not support the award; (4) there was not sufficient competent evidence to support the award." *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 808 (Mo. banc 2017); section 287.495.1.[3] The whole record must be examined to determine whether there is sufficient and competent evidence to support the Commission's decision. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d

---

[3] This statutory reference is to RSMo 2000. All other statutory references are to RSMo Supp. 2008.

4

220, 222-23 (Mo. banc 2003). Questions of law are reviewed *de novo*. *Cosby v. Treasurer of State*, 579 S.W.3d 202, 206 (Mo. banc 2019).

## Analysis

Employee challenges the Commission's denial of compensation benefits for injuries she sustained after being tripped accidently at Dr. Runde's office.[4] Employee believes she presented sufficient causation demonstrating any injury from being accidently tripped arose from her employment. Employee also contests the Commission's denial of Fund compensation as moot.

Missouri's Workers' Compensation Law (hereinafter, "the Act") provides an injury "by accident is compensable only if the accident was the prevailing factor in causing both the medical condition and disability." Section 287.020.3(1). An injury must arise "out of and in the course of employment." *Id*.

> An injury shall be deemed to arise out of and in the course of employment only if:
>
> (a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and
>
> (b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

---

[4] Employee does not challenge the denial of benefits related to her cypermethrin exposure.

Section 287.020.3(2)(a)-(b). A claimant has the burden of demonstrating a causal connection between the injury and the work activity. *Johme v. St. John's Mercy Healthcare*, 366 S.W.3d 504, 509-10 (Mo. banc 2012).

Employee argues her accidental tripping injuries were the "natural and legitimate consequent" of her cypermethrin exposure. Employee claims this Court should implement a broader application of the natural consequences doctrine to allow her to recover workers' compensation benefits for her alleged injuries following her accidental tripping.

However, Employee fails to acknowledge the Act's 2005 amendment, which provided the Act's "provisions are to be construed strictly and to require the evidence to be weighed impartially without giving any party the benefit of the doubt." *Miller v. Mo. Highway & Transp. Comm'n*, 287 S.W.3d 671, 673 (Mo. banc 2009); section 287.800.1. "For an injury to be deemed to arise out of and in the course of the employment under section 287.020.3(2)(b), the claimant employee must show a *causal connection* between the injury at issue and the employee's work activity." *Johme*, 366 S.W.3d at 510 (emphasis added). "An injury is not compensable because work was a triggering or precipitating factor." Section 287.020.2.

Employee argues that but for her cypermethrin exposure she would not have been in Dr. Runde's office and would not have been tripped accidently. Hence, Employee asserts her accidental trip was a "natural and legitimate consequence" of her employment.

Employee's risk of being tripped accidently is a risk she equally is exposed to outside of her employment. Any of Employee's injuries stemming from the accidental

6

tripping did not occur because of a condition of her employment. *See, e.g., Annayeva v. SAB of the TSD of the City of St. Louis*, No. SC98122, __ S.W.3d __, *8 (Mo. banc March 17, 2020) (finding a teacher who slipped in the hallway of the school where she taught was not entitled to workers' compensation benefits because she was unable to prove a causal connection with her employment); *Johme*, 366 S.W.3d at 510 (finding no compensable injury for an employee who was making coffee at work when she twisted her ankle because her injury did not arise out of her employment in that she was exposed equally to the chance of twisting her ankle outside of work); *Miller*, 287 S.W.3d at 674 (finding no compensable injury because, while the claimant's injury occurred at work, walking was equally a risk of non-employment and there was "no causal connection of the work activity to the injury other than the fact of its occurrence while at work").[5]

Employee's assertion of simple but-for causation is not sufficient to demonstrate a causal connection with her work. For her injury to arise out of and in the course of her employment, Employee must demonstrate the accident is a prevailing factor of the injury *and* is not a risk that the claimant would have been exposed outside of and unrelated to the employment. Section 287.020.3(2)(a)-(b). Employee is unable to demonstrate the risk of her accidental tripping was a risk she would not have been exposed to outside of her employment as required by section 287.020.3(2)(b). It is not enough for an injury to occur while an employee is doing something related to or incidental to work. Employee

---

[5] Further, in *Annayeva*, *Johme*, and *Miller*, each claimant's injury occurred while the claimant was at work and each was denied compensation because the injury did not arise out of and in the course of employment. Employee's claim is even more attenuated because she was not injured on the worksite.

is not entitled to workers' compensation benefits because this injury did not arise out of and in the course of her employment.

Further, Employee's argument the Commission erred finding her claim against the Fund was moot is without merit. Section 287.220.2 imposes liability on the Fund in certain circumstances "for injuries arising out of or in the course of employment … prior to January 1, 2014." *Cosby*, 579 S.W.3d at 207. Employee seeks SIF compensation based upon her belief the accidental tripping arose out of her employment. Because Employee's accidental tripping did not arise out of and in the course of her employment, the Fund is not implicated.

## Conclusion

Employee is not entitled to workers' compensation for any injury sustained from her accidental tripping. The Commission did not err, and its decision is affirmed.

_____
GEORGE W. DRAPER III, CHIEF JUSTICE

All concur.

8