

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| MARYANN GRAY, | ) | No. ED110400 |
| | ) | |
| Respondent/Cross-Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWTHORN CHILDREN'S | ) | Appeal from the Labor and Industrial |
| PSYCHIATRIC HOSPITAL/ | ) | Relations Commission |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant/Cross-Respondent, | ) | |
| | ) | |
| & | ) | |
| | ) | |
| TREASURER OF THE STATE OF | ) | |
| MISSOURI, AS CUSTODIAN OF | ) | |
| THE SECOND INJURY FUND, | ) | |
| | ) | Filed: January 10, 2023 |
| Additional Party/Cross-Respondent. | ) | |

## Introduction

Operated by the State of Missouri, Hawthorn Children's Psychiatric Hospital (Employer) raises three points on appeal, but we combine them into one point for efficiency purposes. Essentially, Employer argues the Labor and Industrial Relations Commission (Commission) acted in excess of its powers when it accepted Maryann Gray's (Employee) applications for review as timely even though Employee's first attempt to mail her applications failed due to insufficient postage. Since Employee's filing was untimely, Employer argues the Commission

1

lacked jurisdiction to consider Employee's applications for review and award partial disability benefits because the workers' compensation statute does not provide exceptions for late filing, even for good cause.

Conversely, Employee filed a cross appeal, claiming the Commission erred when denying her request for a remand to present additional evidence pursuant to *Cosby v. Treasurer of State*, 579 S.W.3d 202 (Mo. banc 2019). Employee argues the Commission violated due process when denying her request to present additional evidence and, further, the Commission decision should be set aside after denying her permanent disability benefits from the Second Injury Fund (Fund). We decline to address Employee's point on appeal because Employer's point is dispositive of this issue. We reverse the Commission's order accepting Employee's applications as timely and set aside its final awards.

## Factual and Procedural Background

Employee worked as a registered nurse at Hawthorn Children's Psychiatric Hospital. Among her duties, she assisted with combative patients in the inpatient residential cottages for juvenile delinquents. Employee filed three worker's compensation claims for injuries occurring in 2012, 2013 and 2014 during her employment at the hospital.[1] In 2012, Employee alleged she injured her back and shoulder after hitting a box on a wall while attempting to catch a fainting patient. In 2013, Employee asserted she injured her knee and wrist when she turned a hallway corner and struck a metal desk. In 2014, she alleged that she suffered injuries to her face, head, and forearm when a patient punched her.

On June 10, 2019, an Administrative Law Judge (ALJ) held a final hearing on Employee's three claims to determine the liability of Employer and the Fund. On September 12,

---

[1] See Injuries no. 12-107092, 13-095678, and 14-046969.

2

2019, the ALJ issued final awards, concluding that Employee's testimony lacked credibility considering her "personal disposition towards Employer and ... [Employee's] substantial and well voiced complaints... of her working conditions." In sum, the ALJ found that Employee failed to meet her burden on all three claims, so she was not entitled to benefits.

The parties had 20 days from the date the ALJ entered the final awards or, more specifically, until October 2, 2019, to file with the Commission an application for review pursuant to § 287.480. She also requested a remand to present additional evidence following the Supreme Court of Missouri decision in *Cosby v. Treasurer*, 579 S.W.3d 202 (Mo. banc 2019)[2], which was issued after the ALJ took Employee's matter under submission but before he reached a decision on her claims.

Employee attempted to mail her applications for review on September 30, 2019, within the 20-day period, however, the mailing containing her applications was returned to Employee by the United States Postal Service (USPS). A sticker appearing on the returned mail envelope read: REFUSED BY / ADDRESSEE / POSTAGE DUE $1.09. Due to insufficient postage, the USPS returned the envelope to Employee and the Commission did not receive it. On October 16 but after the 20-day period expired, Employee sent her applications via facsimile to the Commission and again mailed the applications through USPS with sufficient postage on October 29.

Employer filed a motion to strike Employee's applications for review, arguing that Employee's applications were untimely. The Fund supported Employer's motion. In response,

---

[2] *Cosby* abrogated *Gattenby v. Treasurer of Missouri as Custodian of the Second Injury Fund*, 516 S.W.3d 859 (Mo. App. W.D. 2017), holding that § 287.220.3(1), not § 287.220.2, was the applicable statutory subsection for determining the Fund's liability for all work-related injuries occurring after January 1, 2014. *Cosby*, 579 S.W.3d at 207.

3

Employee admitted that the Commission did not receive her applications mailed on September 30 but she claimed that USPS erred when determining it lacked sufficient postage.

Subsequently, the Commission remanded Employee's case to the Division of Workers' Compensation for it to determine whether Employee timely filed her applications. Specifically, the Commission asked the Division to determine whether: (1) Employee's applications were mailed to the Commission, (2) the Commission or Division received the applications, and (3) USPS endorsed the mailing of the applications before the end of the 20-day appeal period.

On December 3, 2020, the ALJ conducted an evidentiary hearing where Employee offered testimony and other evidence about the September 30 mailing, including photographs of the returned mailing. Among other witnesses appearing at the hearing, legal assistants working for Employee's attorney testified that the September 30 mailing was marked with sufficient postage, but they admitted that they were not USPS employees and they were not trained by USPS regarding mailing procedures. After considering evidence from the remand hearing and party briefs, the Commission accepted Employee's applications for review as timely, concluding that a USPS error caused the September 30 mailing to be returned.

On February 10, 2022, the Commission affirmed the ALJ's decision denying benefits relating to Employee's 2012 claim. Contrary to the ALJ's decision however, the Commission ordered Employer to pay Employee permanent partial disability (PPD) benefits for both her 2013 and 2014 claims, while denying her request for permanent total disability (PTD) benefits from Employer for her 2014 claim specifically. Despite ordering Employer to pay benefits, the Commission affirmed the ALJ when denying her request for either PTD or PPD benefits from the Fund involving both 2013 and 2014 claims. Finally, the Commission denied Employee's request for a remand to present additional evidence. Now both Employer and Employee appeal.

4

## Standard of Review

This Court reviews all final decisions, findings, rules, and orders of the Commission to determine whether they are supported by competent and substantial evidence upon the whole record. *Surgery Ctr. Partners, LLC v. Mondelez Int'l, Inc.*, 647 S.W.3d 38, 41 (Mo. App. E.D. 2022) (quoting *Lexow v. Boeing Co.*, 643 S.W.3d 501, 504 (Mo. banc 2022)). The Commission's decision will be affirmed unless: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the award.[3] § 287.490.1; *see also Annayeva v. SAB of TSD of City of St. Louis*, 597 S.W.3d 196, 198 (Mo. banc 2020). Provisions of the Worker's Compensation statute must be construed strictly. § 287.800.1.

Whether the Commission acted within its statutorily-authorized powers is a question of law that we review *de novo*. *Kent v. NHC Healthcare*, 621 S.W.3d 596, 610 (Mo. App. E.D. 2021). The Commission's factual findings are binding and conclusive assuming they are supported by sufficient competent evidence and were not tainted by fraud. *Harris v. Ralls County*, 588 S.W.3d 579, 594 (Mo. App. E.D. 2019).

## Discussion

Employer asserts the Commission acted in excess of its statutory powers when it accepted Employee's applications for review as timely and issued final awards for partial disability benefits in favor of Employee. Specifically, Employer argues the Commission did not have jurisdiction to accept Employee's applications because the they were not received by the Commission within the 20-day statutory period and state law does not provide exceptions for late

---

[3] All statutory references are to the Revised Statutes of Missouri (2016) unless stated otherwise.

filing, even for good cause. We agree with Employer and conclude the Commission did not have jurisdiction to review Employee's applications because they were untimely.

Pursuant to § 287.480, the parties have 20 days from the date the award is issued to file an application for review with the Commission. Further, this provision details the proper methods for submitting applications to the Commission, stating:

> Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to or transmitted by electronic facsimile meeting the requirements of the division and received by the division or the commission, be deemed to be filed as of the date *endorsed by the United States post office* on the envelope or container in which such paper is received, or date received if filed by facsimile.

§ 287.480.1 (emphasis added).

Since the ALJ issued final awards relating to her 2012, 2013, and 2014 claims on September 12, 2019, Employee had until October 2, 2019 to timely submit applications for review to the Commission. Employee attempted to mail her applications via USPS on September 30, 2019. Pursuant to § 287.480, her September 30 mailing would be considered timely if received by the Commission within the 20-day period or on the date it was "endorsed" by USPS. Here, the Commission did not receive the September 30 mailing within the 20-day period. Further, USPS did not endorse the September 30 mailing because USPS sent it back to Employee due to insufficient postage.

Our circumstances are similar to the factual situation in *Marciante v. Treasurer of State*, 477 S.W.3d 704 (Mo. App. E.D. 2015). In *Marciante*, an employee timely mailed her application for review to the Commission, but placed insufficient postage on the envelope. *Id.* After the Commission refused her application for review and USPS returned the envelope, the employee then resent her application after the 20-day statutory period. *Id.* This court held that "proof of mailing requires proof that..." the application was inserted into an envelope, bearing both

6

sufficient postage along with the recipient's correct address, before placed in the mail. *Id.* at 706. The law specifies that proof of mailing requires sufficient postage. *Id.* Accordingly, "[a] filing received by the Commission outside the specified period is considered timely only when the claimant mailed the filing within the required time limit, and the [USPS] 'endorses the mailing and delivers it to the addressee'" *Id.* (citing *Headrick v. Jackes-Evans Mfg. Co.*, 108 S.W.3d 114, 117 (Mo. App. E.D. 2003)).

Although Employee asserts that the September 30 mailing had sufficient postage, the mailing admitted into evidence demonstrates otherwise. Specifically, the envelope had a sticker on it which read: "REFUSED BY / ADDRESSEE / POSTAGE DUE $1.09," indicating that USPS returned the September 30 mailing to Employee for insufficient postage. Significantly, the sticker does not serve as an endorsement, contrary to Employee's claims. It only notifies the sender that postage is due on the mailing before it can be delivered. Since USPS returned the September 30 mailing to Employee for a lack of sufficient postage, USPS did not endorse the mailing pursuant to § 287.480.1 and Employee's applications were untimely. Assuming we were to accept Employee's argument that the postage was sufficient, which we do not, the USPS sticker attached to the mailing does not designate an endorsement, which is a condition precedent before the Commission can receive the mailing as a timely filed application. § 287.480.

Even if USPS erred by returning the September 30 mailing for insufficient postage, the workers' compensation statute does not provide exceptions for late filings so the Commission did not have jurisdiction to review Employee's applications. Under § 287.800, the Commission "shall construe the provisions of [the workers' compensation statute] strictly." § 287.800.1. "[S]trict construction of a statute presumes nothing that is not expressed." *Surgery Ctr. Partners*, 647 S.W.3d at 45 (citing *Cosby*, 579 S.W.3d at 207, n.4). Strict construction does not authorize

7

an ALJ, the Commission, or this court to add words, subtract words or ignore the plain meaning of the words inserted in the statute and chosen by the legislature. *Naeter v. Treasurer of Missouri*, 576 S.W.3d 233, 237 (Mo. App. E.D. 2019). Section 287.480 does not provide for late filing and does not create an exception for untimely filings either for good cause or for ignorance of the law. *Marciante*, 477 S.W.3d at 706. Even if the USPS erred when determining the postage was insufficient, the Commission would still lack the jurisdiction to accept Employee's applications for review and issue final awards because USPS returned the September 30 mailing to Employee, preventing timely filing by October 2. Although Employee can argue that her applications would have been submitted within the 20-day window but for the USPS error, an exception for good cause does not exist under the statute. As discussed, Employee's applications were received following the October 2 deadline and were untimely. While USPS did not endorse or deliver her September 30 mailing, Employee sent the October 16 applications via facsimile and the October 29 mailing via USPS well after the 20-day period expired, effectively preventing the Commission from hearing her claim for a lack of jurisdiction. We are not unsympathetic about the compelling circumstances surrounding Employee's claim, but the statute is specific and does not allow exceptions for late filing. Point I granted.

## Conclusion

The Commission acted in excess of its powers when it accepted Employee's applications for review of the ALJ's final awards because Employee's applications were untimely and the statute does not provide a good cause exception to the 20-day deadline. We reverse the Commission's April 6 order accepting Employee's applications as timely and set aside its final awards.

_____
Thomas C. Clark II, Judge

8

Lisa P. Page, P. J., and
Kurt S. Odenwald, J., concur.