

# Missouri Court of Appeals
## Southern District

### In Division

DAVID CASEY,

    Claimant-Appellant,

v.                  No. SD38016

MISSOURI STATE TREASURER as       **Filed: May 7, 2024**
CUSTODIAN of the SECOND INJURY
FUND,

    Additional Party-Respondent.

APPEAL FROM THE LABOR AND
INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

David Casey ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") that reversed an Administrative Law Judge's ("ALJ") award of permanent total disability ("PTD") benefits in favor of Claimant to be paid from the Second Injury Fund ("SIF"). In three points on appeal, Claimant asserts the Commission erred in denying PTD benefits because, as a matter of law, Claimant's preexisting disabilities can be combined to meet the 50-week threshold requirement under section 287.220.3, and, in the alternative, the Commission, "as a matter of law under [section] 287.495.1, . . . [erred in] fail[ing] to consider" Claimant's experts' opinions that Claimant's previous right knee disability was sufficient to meet the 50-week

threshold requirement and combined with his primary injury to render Claimant PTD.[1]
Finding no reversible error, we affirm the Commission's Final Award Denying
Compensation.

### Standard of Review

> This Court reviews the Commission's findings to determine if they
> are "supported by competent and substantial evidence upon the whole
> record," but questions of statutory interpretation are questions of law
> reviewed *de novo. Cosby v. Treasurer of State*, 579 S.W.3d 202, 205-06
> (Mo. banc 2019) (quotation marks omitted). "When interpreting statutes,
> this Court must ascertain the intent of the legislature by considering the
> plain and ordinary meaning of the terms and give effect to that intent if
> possible." *Id.* at 206 (alteration and quotation marks omitted). Further,
> this Court refrains from adding words to the statute. *Macon Cnty.
> Emergency Servs. Bd. v. Macon Cnty. Comm'n*, 485 S.W.3d 353, 355
> (Mo. banc 2016).

*Treasurer of State v. Parker*, 622 S.W.3d 178, 180-81 (Mo. banc 2021).

### Background

In 2016, Claimant sustained an occupational disease to his bilateral upper
extremities (the "primary injury"). He settled those claims with his employer,
Progressive Industrial Electric ("Employer"), for stipulated disabilities of 15% of the left
wrist, 15% of the right wrist, 15% of the left elbow, and 15% of the right elbow.
Claimant had previously sustained an injury to his right knee in 2006, and Claimant
settled that claim with Employer for a disability of 10% of the right knee. In 2012,
Claimant sustained an injury to his left ankle, left knee, and left wrist. Claimant settled
those claims with Employer for disabilities of 10% of the left wrist, 20% of the left knee,
and 22.5% of the left ankle.

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016.

The main issue at the evidentiary hearing before the ALJ was whether Claimant's disabilities from his primary injury combined with the disabilities from his preexisting injuries in 2006 and 2012 to entitle Claimant to receive a PTD award against the SIF.

Claimant presented testimony from Dr. Volarich, who had performed an independent medical examination and opined that Claimant "is [PTD] as a direct result of the work-related injury leading up to 6/20/16 in combination with his preexisting medical conditions." Susan Shea ("Ms. Shea") had performed a vocational assessment of Claimant, and she opined that Claimant is unable "to be employed [as] the result of the primary work[-]related injury and [his] pre-existing injuries and conditions." We will address additional testimony provided by Claimant's experts in our analysis of Point 2.

The ALJ made its award based upon the following legal conclusions and factual findings:

> If [s]ection 287.220.3(2)(b) is to be interpreted to include the plural form, then it follows that [s]ection 287.220.3(2)(a) a ii, should also be interpreted to include the plural form. Therefore, the 50-week minimum can be reached with not only "a compensable injury", but "compensable injuries" as defined in section 287.020. I find that [Claimant]'s 2012 compensable work-related injuries resulted in a preexisting disability totaling 84.375 weeks, and this disability exceeds the 50-week minimum threshold requirement. I further find that [Claimant]'s 2006 compensable work-related right knee injury resulted in a preexisting disability of 52 weeks and this disability exceeds the 50-week minimum threshold requirement. Although [Claimant] settled his 2006 injury for only 10% of the knee, I find his actual disability exceeded 10% of the knee and due to the development of post traumatic arthrosis as documented by Dr. Volarich, I find [Claimant] had a preexisting permanent partial disability of 32.5% of the right knee.

> I find that the combination of [Claimant]'s primary injury and preexisting qualifying disabilities (2006 right knee disability and 2012 left wrist, knee, ankle disability) result in [PTD]. In support of this finding, I rely upon [Claimant]'s credible testimony, the medical records, and the credible opinions of Dr. Volarich and [Ms.] Shea. I further find that [Claimant] is [PTD] if one considers his primary injury in combination

3

with only his 2012 qualifying preexisting disability to the left knee, ankle, and wrist. I find the [SIF] is liable for [PTD] benefits.

The Commission reversed that decision, concluding that disabilities occurring to different parts of the body cannot be combined in order to reach the 50-week threshold. It also determined that, although Claimant had a preexisting injury to his right knee that met the 50-week threshold, the Commission did not believe that the combination of that single preexisting disability, combined with the primary injury, was sufficient to render Claimant PTD. Based upon that credibility determination, the Commission concluded that Claimant was not entitled to a PTD award from the SIF.

**Analysis**

*Point 2*

Because Claimant's second point is dispositive of this appeal, we address it first. Point 2 claims

> [The Commission] erred in reversing the ALJ'S award finding [Claimant] [PTD] against the [SIF], because, as a matter of law under [section] 287.495.1, the Commission failed to consider that irrespective of the injury sustained in the 2012 accident to the left knee, the left ankle and the left wrist, that [Claimant] still had a disability to the right knee totaling more than 50 weeks that combined with the primary injury to make [Claimant] PTD, and that in the context of the case the Commission's failure to consider the injury to the right knee alone in combination with primary injury was an error of law in that the testimony of both Dr. Volarich and [Ms.] Shea supported the finding that the disability to the right leg by itself combined with the disability from the 2016 injury combined to make [Claimant] PTD against the SIF under [section] 287.220.3.

We disagree. The claimant bears the burden of proving all elements of his claim. *Shipley v. Off. of Admin.*, 624 S.W.3d 369, 371 (Mo. App. S.D. 2020). That includes not only establishing a *prima facie* case, "but convincing the fact-finder to view the facts as needed for Claimant to win." *Id.*

4

In its Final Award Denying Compensation, the Commission found that "the credible, persuasive evidence demonstrates that [Claimant] had 32.5% [permanent partial disability] of the right knee (52 weeks) preexisting the 2016 primary injury."  As that finding met the 50-week threshold required by section 287.220.3, the question of whether Claimant could combine multiple pre-existing disabilities to meet that 50-week requirement is moot.

As noted above, Dr. Volarich and Ms. Shea both opined that Claimant was PTD as a result of the primary injury and "his preexisting conditions."  Dr. Volarich opined that Claimant was PTD "as a direct result of the work-related injury leading up to 6/20/16 in combination with his *preexisting medical conditions*."  (Emphasis added.)  Ms. Shea similarly opined that Claimant's "inability to be employed is the result of the primary work[-]related injury and *pre-existing injuries and conditions*."  (Emphasis added.)

Both experts also testified that Claimant could be PTD due to a combination of only *some* of his preexisting conditions, and Ms. Shea opined that the combination of the primary injury and "either lower extremity" "would . . . be adequate to render an individual unemployable[.]"  The Commission's resolution of the credibility and weight of that conflicting testimony is within the sole purview of the Commission.  *Cochran v. Indus. Fuels & Res., Inc.*, 995 S.W.2d 489, 495 (Mo. App. S.D. 1999) ("Where competent evidence is conflicting, resolution is for the Commission and its choice is binding upon this court").

Because Claimant failed to convince the Commission that the combination of Claimant's qualifying, preexisting right-knee disability and the primary injury rendered

Claimant PTD, we deny Point 2 and affirm the Commission's Final Award Denying

Compensation.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, C.J. – CONCURS